## EDWARD O'LEARY *vs.* CITY OF MANKATO.

### October 6, 1874.

**Municipal Corporation—Neglect to Keep Streets Safe for Travel.**—Second street, a much frequented street in the city of Mankato, was crossed by an open ditch, three feet deep, about three feet wide at the bottom, and from six to eight feet wide at the top. The usually travelled track was at one side of the street, and crossed the ditch, upon a bridge a few feet from the sidewalk. The street commissioner of the city removed this bridge to a point nearer the centre of the street, leaving the ditch at the side of the old bridge partly uncovered, and partly covered by the new bridge, and leaving the spot from which the old bridge had been removed, entirely unguarded. This action was brought to recover damages for injuries sustained by the plaintiff from the overturning of his wagon into the ditch, at the point uncovered by the removal of the bridge. *Held,* that the city was guilty of gross and culpable neglect of the duty, imposed by its charter, of keeping its streets in a safe condition.

**Negligence—Evidence of Subsequent Acts of Defendant.**—Evidence that after the accident to the plaintiff, the city covered the exposed portion of the ditch at the place of the accident—*held* admissible, as having some tendency to show the propriety of covering the ditch at that point.

**Refusal to Give Instructions Already Given in General Charge.**—The refusal to give certain instructions requested by the defendant, considered, and *held* to furnish no ground for a new trial—a part of the instructions requested being covered by the general charge of the court, and the others being inapplicable to the evidence in the case.

Action to recover damages for injuries to the plaintiff and his property, occasioned by alleged negligence of the defend-

ant. Trial before *Waite*, J., in the district court for Blue Earth county, the facts proved being stated in the opinion. At the request of the plaintiff, the judge charged the jury, in substance : 1. That a municipal corporation, having the exclusive control of the streets within its limits, is obliged to keep them in a safe condition; and if it neglects this duty, and injury results to any person by this neglect, the corporation is liable for the damages sustained. To this instruction the judge added the following : What is ordinary and reasonable care, in a case of this kind, depends on the location of the street, the amount or degree that it is travelled, and all the circumstances surrounding the case.

The first, third and sixth instructions asked by the defendant related to the question of plaintiff's alleged contributory negligence ; but the jury found specifically that plaintiff was guiltless of negligence.

The defendant also requested the following instructions :

2. Proof of the street being in the condition in which this one is shown to have been, at the time of the accident, does not necessarily charge the city with negligence in respect to it.

4. If the jury are satisfied that, at the time of the accident, the street was in such condition that persons of ordinary prudence and carefulness, and possessed of a knowledge of the existence of the ditch, would have avoided it, they should find no cause of action.

5. If plaintiff knew of the existence of the ditch, it was his duty to seek to avoid it, by the exercise of such care as persons of ordinary prudence are accustomed to use under like circumstances ; and if he did not do so, he cannot recover for any injury his own want of care may have helped to produce.

7: If plaintiff, knowing of the existence of the ditch, was, at the time of the accident, thoughtless of it, that thoughtlessness may be considered by the jury as negligence.

The court refused each of these instructions, but, in response to the last request, charged : " You may, however,

·consider such a fact in determining the question of negligence."

The defendant duly excepted to each of the rulings of the court upon its own and the plaintiff's requests for instructions. The jury found for plaintiff, a new trial was refused, .and defendant appealed.

*Severance & Dickinson*, for appellant.

*Pfau & Bell*, for respondent.

YOUNG, J. The defendant, the City of Mankato, is a municipal corporation, having the care, supervision and control of all streets within its limits, and the power to levy a special tax on all taxable property of the city, for the purpose of constructing, maintaining and repairing its streets. Sp. Laws, 1868, p. 131, § 1; p. 129, § 2. The provisions of its charter on these subjects are nearly identical with those of the charter of the city of Minneapolis, cited in *Shartle* v. *Minneapolis*, 17 Minn. 308, 312, 313.

Across Second street, the most frequented of all the streets in the city, with perhaps one exception, there had for a long time been an open ditch, or drain, three feet deep, about three feet wide at the bottom, and from six to eight feet wide at the top. Over this ditch was a bridge, on the westerly side of the street, and four or five feet from the sidewalk. This bridge was about eighteen feet wide, and the travelled track in the street led up to and over it. A few days prior to August 10, 1872, the street commissioner of the city had removed this bridge, and built a new bridge across the ditch, in the centre of the street, and about nineteen feet from the sidewalk on the westerly side. The new bridge was of about the same width as the old, and covered a few feet of the ditch which had been covered by the old bridge, and about four feet of this new bridge was opposite the old track. Within two rods of the ditch, the track to the new bridge turned off abruptly from the old track. There had not been much travel along that part of the street opposite the new bridge; the street was passable, but the track was rough. No guard or protection of any kind was

placed where the old bridge had stood. On the night of August 10, which was very dark, the plaintiff, who did not know of the removal of the old bridge, was driving through Second street. Following the beaten, travelled track, the wheels on the left side of his wagon went upon the bridge, and those on the other side into the ditch. The plaintiff was thrown from the wagon, and himself, his horse, and his wagon were all injured, for which injuries he seeks redress in this action.

The facts stated present a case of gross and culpable neglect, on the part of the defendant, of its duty to keep its streets in a safe condition. The accident which happened to the plaintiff was nearly certain to befall any one, who, without knowing of the change of bridges, should pursue, in the night time, the usually travelled track. The plaintiff's injuries were the direct and natural consequence of the defendant's negligence, and he is clearly entitled to a recompense in damages. *Shartle* v. *Minneapolis*, 17 Minn. 308; *Cleveland* v. *St. Paul*, 18 Minn. 279; *Lindholm* v. *St. Paul*, 19 Minn. 245.

It is difficult to see in what manner the defendant could have been prejudiced by the testimony of Alderman Hoerr, a member of the street committee of the city council, as to his personal knowledge of the change of the bridges, the duties of the street committee, the appropriation by the council of $200, to be expended by the alderman of the second ward, and the expenditure of part of this sum in grading Second street at other points than that at which the accident happened. Granting that all this evidence was immaterial, still the defendant's negligence, and the damage to plaintiff, were so clearly made out by competent and undisputed proof, (the defendant offering no evidence whatever,) that the admission of this immaterial evidence could not have affected the verdict, and furnishes no ground for a new trial.

Evidence was received, under objection, that after the accident, the defendant widened the bridge, so as to cover

the exposed portion of the ditch. It is doubtless true, as urged by the defendant, that this evidence had no tendency to prove notice to the defendant of the dangerous condition of the street, at the time of the accident; and it was unnecessary for that purpose, for the defect in the street had been caused by the act of the street commissioner, and was known to that officer and to Alderman Hoerr. It had, moreover, existed several days—long enough to charge the city with constructive notice, if that were necessary. The evidence was, however, competent, as having some, though not a very strong, tendency to show that the condition of the street was such that it was at least proper that the ditch should be covered at this point. *Westchester & Phila. R. Co.* v. *McElwell*, 67 Penn. St. 311. It clearly appeared by other testimony that, without any protection, the place was dangerous, and that some protection was not only proper, but highly necessary to the safety of travellers; and there is no reason to suppose that too much weight was given by the jury to the evidence objected to.

The first instruction given by the court at the plaintiff's request is conceded by the defendant to be correct, as an abstract proposition; and certainly, coupled with the qualification added by the court, it was not likely to mislead the jury in the manner suggested by the defendant's counsel. The first, third, and sixth instructions requested by defendant are substantially embraced in the general charge given by the judge of his own motion, and, moreover, the subject to which they relate, viz: the plaintiff's liability for his own contributory negligence, is disposed of by the specific finding of the jury, "that the plaintiff was not guilty of any negligence which helped or contributed to produce the accident."

The second request was properly denied. It was not claimed by the plaintiff that the condition of the street was, in itself, proof of negligence. The negligence charged in the complaint, and proved by plaintiff's witnesses, was not merely that defendant permitted the street to be in a defec-

tive condition, but that the defendant itself put the street into that condition, by the removal of the bridge, leaving the site of the former bridge partially uncovered. The court had already instructed the jury " to find whether, under *all the circumstances*, it was negligence on the part of the city to leave the improvement in the condition it was ;" and it would not be proper to single out one of the circumstances, and instruct the jury that such circumstance, of itself, "does not necessarily charge the city with negligence."

The fourth and fifth instructions requested had no application to the evidence in the case. The danger into which the plaintiff fell, was not caused merely by the existence of the ditch, with which he was acquainted, but by the uncovering of the ditch by the removal of the bridge, of which he knew nothing. In its former condition, the street was considered safe enough to be one of the principal thoroughfares of the city, and there is nothing to show that the plaintiff, as a prudent man, was not justified in using it as he did.

These remarks apply to the seventh instruction asked, which was, however, given with a necessary qualification, the instruction as qualified being sufficiently favorable to the defendant.

The order of the district court is affirmed.