## JAMES KELLY *vs.* SOUTHERN MINNESOTA RAILWAY COMPANY.

### July 2, 1881.

**Negligence—Evidence of Subsequent Repairs.**—In an action for injuries resulting from the alleged negligence of a railroad company in neglecting to maintain in a safe condition a highway crossing, in not replacing a plank which had been removed, *held*, that it was proper to allow plaintiff to prove that, after the injury, defendant repaired the crossing by replacing the plank.

**Same—Road used as Highway.**—Where a road is used openly and notoriously by the public as a highway, and a railroad company recognizes it as such by permitting the public to cross their track, and by assuming to maintain a public crossing at that point, it is immaterial whether the road be a legal highway or not. Under such circumstances, the company are bound to exercise the same precautions to keep the crossing in repair as if the road were in fact a legal highway.

**Same—Questions for Jury as to Reasonable Care after Notice of Danger.**—The fact that a person attempts to pass over a railroad crossing on a highway, after he has notice that it is unsafe by reason of being out of repair, does not necessarily constitute negligence, nor is he necessarily bound absolutely to refrain from pursuing his course. This would depend upon the circumstances of the case. If, under the circumstances, he had reasonable cause, in the exercise of ordinary care and discretion, for believing that he could pass over in safety, and exercised due care in attempting to do so, he would not be guilty of negligence. In this case, under the evidence, these were questions of fact for the jury.

Appeal by defendant from an order of the district court for Faribault county, *Dickinson, J.*, presiding, refusing a new trial.

*Benjamin G. Reynolds,* for appellant.

*M. W. Greene,* for respondent.

MITCHELL, J.*   This is an action for damages, for injuries to plaintiff's horse, caused by the alleged negligence of defendant, in failing and neglecting to maintain and keep in a safe condition a crossing where defendant's railroad intersected a highway. The negligence complained of was that a plank, which should have been kept fastened next to and along-side of the iron rail, had been torn up and removed, thus leaving a space or hole between the surface of the highway and the railroad track, into which the foot of plaintiff's horse was caught and injured while being driven on the highway over said crossing. The answer of defendant denies any negligence on its part, and alleges that the injury complained of was caused by the negligence of plaintiff himself. The trial resulted in a verdict for the plaintiff. Defendant moved for a new trial on the ground of error in law occurring at the trial and duly excepted to, and that the verdict was not justified by the evidence and was contrary to law. The motion having been denied, defendant appeals.

The first assignment of error is that the court, under defendant's objection, allowed certain witnesses for plaintiff to testify how the planks at these railroad crossings were usually laid. The objections made to this evidence were two : *First,* that the witnesses were not qualified to give an opinion on the subject, not having been shown to have any special experience in such matters; *second,* that evidence of what was usual in such cases was not competent. To the first objection it is sufficient to say that the witnesses were not being examined as experts, or called on to give an opinion, but to state a fact. Evidence as to the manner in which these planks were usually laid at such crossings was competent; the degree of care which was required of defendant, in maintaining this crossing, being that which men of ordinary prudence would usually exercise under like circumstances, evidence as to the manner in which such crossings were usually constructed was competent, although, of course, not conclusive evidence against defendant on the question of negligence.

*Dickinson, J., did not sit in this case, having presided at the trial in the district court.

The next assignment of error is that the court permitted plaintiff, under defendant's objection, to inquire of another person how his horse's foot got caught at this crossing. It would have been competent for plaintiff to show that similar accidents occurred by reason of the same defect, as tending to show that the absence of this plank rendered the crossing unsafe. We think that the court had a right to presume that this was the purpose of the inquiry, no objection having been made to the question on account of its indefiniteness. The answer, however, disclosed the fact that the accident inquired of was produced by a different cause, and at a point in the crossing about the condition of which there was no complaint. Upon the immateriality of the answer thus appearing, the defendant, if he deemed it prejudicial to himself, ought to have moved to have it stricken out. It is further urged that the court erred in permitting plaintiff to show that, after the accident, defendant repaired the crossing by replacing the missing plank. Such evidence has been repeatedly held competent. *Westchester & P. R. Co.* v. *McElwee*, 67 Pa. St. 311; *O'Leary* v. *City of Mankato*, 21 Minn. 65; *Phelps* v. *City of Mankato*, 23 Minn. 276.

Defendant also took exception to the ruling of the court admitting evidence tending to show that the *locus in quo* had been opened, worked, and travelled continuously for 10 years as a highway. This was competent evidence, tending to prove the existence of a highway by common-law dedication. But the evidence was admissible upon still another ground. Even if this was not a legal highway, yet if it was openly and notoriously used as such by the public, and the defendant recognized it as such by permitting the public to use it, and by assuming to maintain a crossing at that point, they would be bound to exercise precisely the same precautions to keep it in repair as if it was in fact a legal highway. *Webb* v. *Portland & Kennebec R. Co.*, 57 Me. 117.

The evidence disclosed the fact that plaintiff's servant was informed that the crossing was unsafe and out of repair before he drove across it. In view of this evidence, defendant moved, when plaintiff rested, to dismiss the action, because it appeared that plaintiff was guilty of negligence which contributed to produce the injury. The court refused

to grant the motion. Again, at the close of the evidence, the defendant requested the court to charge the jury: "If the plaintiff's servant, who drove the team over the crossing, knew before he crossed the same that it was unsafe or dangerous, then the plaintiff, in crossing the same, by his servant, after such knowledge, was guilty of contributory negligence, and cannot recover. If the plaintiff's son, who drove the team, was informed that the same was unsafe or dangerous, and he crossed the same after such information, then the plaintiff was guilty of contributory negligence which contributed to the injury, which would prevent a recovery." The court granted the requests but qualified and explained them by saying: "The crossing might be dangerous for crossing in one manner, as by a team with the driver not in immediate charge of it, but walking behind the vehicle as he had been doing before approaching the crossing, but reasonably safe and not dangerous if the driver were in charge of the team upon his load." To this qualification and explanation the defendant excepted.

The court was correct, both in the refusal to dismiss, and in qualifying the request to charge the jury. The radical error of defendant, in both instances, was that he assumes that it was necessarily negligence to attempt to drive over the crossing after notice of the fact of its being out of repair, without regard to the circumstances of the case or the nature of the defect. The fact that a person attempts to travel on a highway after he has notice that it is unsafe or out of repair, is not necessarily negligence. This depends on circumstances. He cannot, of course, heedlessly or recklessly run into danger. But when he knows that a highway is out of repair, whether he ought absolutely to refrain from attempting to pass over it, or whether he would be justified in making the attempt, using such a degree of care in so doing as would be adequate and commensurate with the condition of the road, is a question of fact to be determined from all the circumstances of the case. Even if plaintiff's servant knew that this crossing was out of repair, he was not bound to anticipate all the perils to which he might *possibly* be exposed, or to absolutely refrain from pursuing his usual course on account of risks to which he might *possibly* be exposed. Some risks are taken by the most prudent of men, and the plaintiff would not be debarred from recovering

for this injury, if his servant adopted the course which prudent men would ordinarily pursue under like circumstances. *Johnson* v. *Belden*, 2 Lansing, 433.

Defendant is not excused merely because the plaintiff's servant knew that some danger existed through defendant's neglect, and voluntarily incurred such danger. The amount of the danger, and the circumstances which led plaintiff's servant to incur it, are ordinarily questions for the consideration of the jury. *Clayards* v. *Dethick*, 12 Q. B. 439; *Humphreys* v. *Armstrong Co.*, 56 Pa. St. 204. It would be a very harsh and unreasonable rule, if a traveller on a highway were compelled, under all circumstances, when he knew a highway was out of repair or unsafe, absolutely to refrain from pursuing his journey, without regard to circumstances, and without reference to the extent of the danger, or else pursue his course entirely at his own risk. Previous knowledge of the unsafe condition of this crossing was a circumstance to go to the jury on the question of contributory negligence; but it should be submitted to them, together with all the other facts of the case, for them to determine whether, with such knowledge, plaintiff's servant exercised ordinary care in attempting to drive over this defective crossing, and whether in proceeding he used ordinary care to avoid injury. If the risk was such that men of ordinary prudence, having knowledge of the defect, would not, under the circumstances, have attempted to pass over it at their own risk, then plaintiff's servant had no right to attempt to pass it at the risk of the defendant. But if such persons would have believed it reasonably safe to attempt the passage in the manner adopted by plaintiff's servant in this case, plaintiff could recover, notwithstanding such previous knowledge of the condition of the crossing. *Thomas* v. *Western Union Telegraph Co.*, 106 Mass. 156; *Mahoney* v. *Metropolitan R. Co.*, 104 Mass. 73; *Lyman* v. *Amherst*, 107 Mass. 339; Shearman & Redfield on Negligence, § 414. In the present case, a court would have no right to hold that it was negligence *per se* to attempt to drive over this crossing with knowledge of the fact of the removal of this plank. That was eminently a proper question for the consideration of the jury, in view of all the circumstances of the case. The case was, therefore, properly

submitted to the jury under the instructions of the court, and we are of opinion there was sufficient evidence to sustain their verdict.

There were other exceptions taken at the trial, but none of them, in our judgment, present any question requiring special consideration. Order affirmed.