EUGENIE MENARD *vs.* BOSTON AND MAINE RAILROAD
COMPANY.

CYRILLE MENARD *vs.* SAME.

SAME *vs.* SAME.

Essex.     November 21, 1889. — January 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Railroad — Grade Crossing of Highway — Statutory
Signals — Evidence — View by Jury.*

At the trial of an action against a railroad company to enforce its liability under
the Pub. Sts. c. 112, § 213, for an omission to cause a locomotive engine bell or
whistle to be sounded upon approaching the crossing of a highway at grade, as
required by § 163, the plaintiff, who was injured by being struck by the engine
while driving in a carriage over the crossing, and two other persons, who drove
over the crossing immediately before, together with three others who were out
of doors in the immediate neighborhood and saw the carriage, all testified that
they did not hear either the bell or whistle until danger signals were sounded
close by the crossing. *Held*, that there was evidence for the jury upon the
question whether there was a failure to ring the bell or blow the whistle.

Evidence offered at the trial to show that other accidents had occurred at the same
crossing within a short time was *held* to be rightly excluded.

The judge presiding at the trial refused to allow the plaintiff's counsel to comment
in argument upon the fact that the defendant had stationed a flagman at the
crossing since the accident, which fact came to the knowledge of the jury at the
time they took a view. *Held*, that the plaintiff had no ground of exception.

THREE ACTIONS OF TORT. The first case was for personal
injuries occasioned to the plaintiff, on September 5, 1887, by
being struck by a locomotive engine, while riding with her
husband and daughter in a carriage along a highway, at a
crossing of the defendant's railroad at grade in Beverly. The
second and third cases were brought by the administrator of
the husband and daughter against the defendant, for causing
the death of his intestates in the same accident. The cases
were tried together in the Superior Court, before *Mason*, J.,
who ordered a verdict in each case for the defendant, and
allowed exceptions, which appear in the opinion.

*H. P. Moulton & G. B. Ives*, for the plaintiffs.

*S. Lincoln*, for the defendant.

KNOWLTON, J.   In each of these cases the second count of the declaration was drawn under the Pub. Sts. c. 112, § 213, to enforce the liability of the defendant for an omission to cause the bell of the engine to be rung, or the whistle to be sounded, at the distance of at least eighty rods from the crossing of the highway, and rung or sounded continuously or alternately until the engine had crossed the way, as required by § 163 of this chapter.   The presiding justice ruled that there was no evidence of neglect to give these signals, and ordered a verdict for the defendant upon the second count in each of the three cases.

The plaintiff in the first case, who was driving with her husband in the carriage which was struck by the locomotive engine, and Joseph T. Menard and Arthur Caron, who were riding together in a carriage immediately before that which was struck, and John F. Standley, Hugh J. Munsey, and Robert N. Brown, who were out of doors in the immediate neighborhood, and saw the carriages and heard the danger signals, all testified that they did not hear either bell or whistle before the danger signals were sounded.   Ordinarily, all that a witness can say, in such a case, when called to prove that a bell was not rung, is that he did not hear it.   Such a statement, with no accompanying facts, is merely negative, and of no value as evidence.   But attending circumstances may be shown which make the statement strong affirmative evidence.   It may appear that all the attention of which the witness was capable was concentrated on the effort to ascertain whether the bell was rung, and his failure to hear it could only have been because it made no sound.   A witness may be in any conceivable attitude of attention or inattention, which will give his evidence value, or leave it with little or no weight; but where his position is such that the sound would have been likely to attract his attention if the bell had been rung, his failure to hear it is some evidence that there was no ringing.

In the case at bar there were six witnesses who testified that they heard no bell or whistle until the danger signals were sounded close by the crossing.   All of these were in such positions that they easily might have heard, if the signals had been given; and three of them were riding at great risk to their lives, if they failed to notice such signals as they heard.   These three

would certainly be expected to attend carefully, and to know whether there was any warning to apprise them of danger. We are of opinion that the jury should have been permitted to consider all the evidence in the case upon the question whether the defendant failed to ring the bell or sound the whistle, as required by law.

The evidence offered to show that other accidents had occurred at the same crossing within a short time was rightly excluded.

The court also rightly refused to allow the plaintiff's counsel to comment, in argument, upon the fact that the defendant had stationed a flagman at this crossing since the accident, which came to the knowledge of the jury at the time of the view. Apart from the question whether a fact of this kind, so discovered, and not otherwise proved, could, if competent, be treated as a part of the evidence, we are of opinion that it was not competent to be proved in any form. The defendant's method of managing its business before, or after, or at the time of the accident, was not evidence of what due care required. The defendant, or any other corporation, might at any time do more or less, in some particular, than a reasonable regard for the safety of the public demanded. Its adoption of a particular safeguard at any time, whether an accident had previously occurred or not, could not be deemed an admission that taking any less precaution would be negligence, any more than its use of a more dangerous system would indicate that it considered that reasonably safe. No such connection was shown between the act of the defendant in employing a flagman, and its opinion as to what the safety of travellers on the highway required, as to make the act competent as an admission.

*Exceptions sustained.*