ROSE SHINNERS *vs.* PROPRIETORS OF LOCKS AND CANALS
ON MERRIMACK RIVER.

Middlesex.   March 6, 1891. — June 26, 1891.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Exceptions — Negligence — Employers' Liability Act — Evidence of
subsequent Acts.*

An exception to the exclusion of a question cannot be maintained, when there is
nothing in the bill of exceptions to show what the testimony of the witness
would have been, if admitted, or what the party putting the question offered to
prove thereby.

If an accident happens through the alleged negligence of an employer, his subse-
quent acts in taking additional precautions to prevent other accidents are not
admissible in evidence, in an action against him for the injuries occasioned,
either at common law or under the employers' liability act (St. 1887, c. 270, § 2),
for the purpose of showing that such precautions were needed at the time of the
accident.

If evidence is properly excluded when offered by a plaintiff, but becomes compe-
tent in consequence of evidence offered by the defendant, the former, to avail
himself of it, should offer it again in rebuttal.

TORT, by the widow of Matthew Shinners, for causing his
death. Trial in the Superior Court, before *Sherman,* J., who
allowed exceptions, which appear in the opinion.

*C. Cowley,* for the plaintiff.

*G. F. Richardson,* for the defendant.

LATHROP, J.   This is an action, under the St. of 1887, c. 270,
§ 2, brought by the widow of Matthew Shinners, to recover
damages sustained by her in consequence of the death of her
husband, caused by the falling upon him of a portion of a bank
of earth, while he was working as a day laborer in the employ
of the defendant corporation, and engaged in digging a trench
in Lowell. He died without conscious suffering. The bank
was eighteen feet high, and was composed of hard gravel, clay,
and marl. The plaintiff contended that the fall of the bank
took place in consequence of the unreasonable neglect of the
defendant to have the bank properly shored up.

At the trial in the Superior Court, the jury returned a verdict
for the defendant; and the case comes before us on the plaintiff's

exception to the exclusion of the following question, put by the plaintiff to one of her witnesses, who worked in the trench before, after, and at the time of the accident: " What, if anything, was done by the defendant to said bank after the accident? "

There is nothing in the bill of exceptions to show what the testimony of the witness would have been, if admitted, or what the plaintiff offered to prove thereby, and for this reason an exception to the exclusion of the question cannot be maintained. *Hathaway* v. *Tinkham*, 148 Mass. 85, 87, and cases cited. *Crowley* v. *Appleton*, 148 Mass. 98, 101. *Smethurst* v. *Barton Square Church*, 148 Mass. 261, 267. *Farnum* v. *Pitcher*, 151 Mass. 470, 475. As, however, the point of law sought to be presented by the exception is an important one, arising constantly in trials at *nisi prius*, and as it has been elaborately argued by counsel, we are disposed to rest our judgment upon a broader ground than the one above stated.

The plaintiff contends that, when an accident has happened through the alleged negligence of a person, the subsequent acts of this person in taking additional precautions to prevent other accidents are admissible in evidence, in an action against him for the injuries occasioned, for the purpose of showing that such precautions were needed at the time of the accident. If such acts are admissible, it must be on the ground that the conduct of the person amounts to an admission of negligence; and this is the ground upon which such evidence has been sometimes held to be admissible. *Pennsylvania Railroad* v. *Henderson*, 51 Penn. St. 315. *West Chester & Philadelphia Railroad* v. *McElwee*, 67 Penn. St. 311. *McKee* v. *Bidwell*, 74 Penn. St. 218. And in *Dale* v. *Delaware, Lackawanna, & Western Railroad*, 73 N. Y. 468, it is said by Judge Rapallo, speaking of repairs made by a railroad corporation immediately after an accident, " In such a case the making of the repairs may be regarded as some evidence that they were needed, and consequently that the road was out of repair." This remark was however *obiter*, and although in accord with some decisions of the Supreme Court of the State of New York, which we need not farther refer to, is contrary to what is now the well established doctrine of the Court of Appeals of that State, as will presently appear.

The Pennsylvania doctrine was at first followed by the Supreme Court of Minnesota. *O'Leary* v. *Mankato*, 21 Minn. 65. *Phelps* v. *Mankato*, 23 Minn. 276. *Kelly* v. *Southern Minnesota Railway*, 28 Minn. 98. But these cases were deliberately overruled in *Morse* v. *Minnesota & St. Louis Railway*, 30 Minn. 465, in an elaborate opinion, in which the question is fully and carefully considered.

Such evidence has also been held to be inadmissible by the highest tribunals in New York, Connecticut, Indiana, Illinois, and Iowa. *Dougan* v. *Champlain Transportation Co.* 56 N. Y. 1. *Baird* v. *Daly*, 68 N. Y. 547. *Corcoran* v. *Peekskill*, 108 N. Y. 151. *Nalley* v. *Hartford Carpet Co.* 51 Conn. 524. *Terre Haute & Indianapolis Railroad* v. *Clem*, 123 Ind. 15. *Hodges* v. *Percival*, 132 Ill. 53. *Cramer* v. *Burlington*, 45 Iowa, 627. *Hudson* v. *Chicago & Northwestern Railway*, 59 Iowa, 581. See also *Hart* v. *Lancashire & Yorkshire Railway*, 21 L. T. (N. S.) 261.

In a recent case in this Commonwealth, (*Menard* v. *Boston & Maine Railroad*, 150 Mass. 386,) the plaintiff was struck by a locomotive engine of the defendant at a highway crossing. At the time of the accident no flagman was stationed there; but the jury, when they took a view, found one there. The plaintiff's counsel in argument proposed to comment upon this fact, and was stopped by the court. On exceptions, this action of the court was held to be correct; and Mr. Justice Knowlton, in delivering the opinion of the court, said: " The defendant's method of managing its business before, or after, or at the time of the accident, was not evidence of what due care required. The defendant, or any other corporation, might at any time do more or less, in some particular, than a reasonable regard for the safety of the public demanded. Its adoption of a particular safeguard at any time, whether an accident had previously occurred or not, could not be deemed an admission that taking any less precaution would be negligence, any more than its use of a more dangerous system would indicate that it considered that reasonably safe."

The plaintiff relies upon the case of *Readman* v. *Conway*, 126 Mass. 374, where the fact that the defendants repaired a platform after an injury occasioned to the plaintiff by a defect therein, was held to be admissible as an admission " that it was their duty

to keep the platform in repair." This case is readily distinguishable from the case at bar. The defendants were the owners of a building containing a number of shops, each let orally to a separate tenant. The building stood back from a street, and had a wooden platform in front of it, which extended to the sidewalk of the street. The question was whether the landlords or the tenants were bound to keep the platform in repair. The act of the defendants in making the repairs was an act of dominion exercised by them, which the jury might well find was inconsistent with their defence that the tenants were under an obligation to keep the platform in repair. For the same reason, the fact that a city makes repairs upon a highway after an accident thereon has been held to be admissible to show an acceptance of the highway as dedicated. *Manderschid* v. *Dubuque,* 29 Iowa, 73. See also *Sewell* v. *Cohoes,* 75 N. Y. 45, 54; *Lafayette* v. *Weaver,* 92 Ind. 477.

The plaintiff further contends, that, if this evidence was not admissible in an action at common law, it was admissible in an action under the St. of 1887, c. 270, because, by § 3, the amount of compensation, in case of death, is to be assessed " with reference to the degree of culpability of the employer herein, or the person for whose negligence he is made liable." But, if evidence is not admissible to show culpability, we fail to see how it can be admissible to show the degree of culpability.

At the trial, after the question above referred to had been excluded, one of the defendant's witnesses testified to the manner in which the bank was shored up before the accident; namely, by placing a plank fourteen inches wide horizontally along the bank, about midway between the top and the bottom, he having observed a fissure near the top of the bank about six feet long and a quarter of an inch wide. He and other witnesses testified that they saw no other signs of weakness in the bank before the accident, which was caused by earth falling from below the plank. The plaintiff contends that the evidence excluded would tend to qualify the statements of these witnesses. Without intending to intimate that such would be its effect, it is enough to say that, as in our opinion the question asked was, both upon principle and the great weight of authority, properly excluded when offered, if it became competent, in consequence of evi-

dence put in by the defendant, the plaintiff should have offered it in rebuttal.

As we are of opinion that in any aspect of the case the question put to the plaintiff's witness was properly excluded, the order must be, *Exceptions overruled.*