MICHAEL DOWNEY *vs.* HENRY SAWYER & another.

Plymouth.   October 18, 1892. — December 3, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Dangerous Machinery — Due Care — Evidence of Subsequent Changes.*

One who attempts to do work which exposes him to an obvious, known, and appreciated danger assumes the risk of injury; and, however his knowledge may have been acquired, there is no obligation upon the employer to give to the workman warning of a known danger.

There was enough to show, in an action for personal injuries, that the plaintiff, who, when the injury was received, was in his sixteenth year, and of ordinary intelligence and capacity, appreciated the fact that, by placing himself where he did in attempting to put on a belt which ran the guide bar of a side drawing apparatus in a woollen mill, he exposed himself to the liability of injury to his arm from the gears. *Held,* that, in order to bar recovery, it was not necessary that he should appreciate the whole extent of the danger.

In an action to recover for personal injuries, neither the testimony nor the model disclosed any defect in an apparatus by which the plaintiff was hurt. *Held,* that the jury were properly not allowed to say whether the machine was defective.

A change made after the occurrence of an accident, substituting an entirely different apparatus and process for that in use when the plaintiff, an employee,

was hurt, was *held* to be no indication that the earlier apparatus was defective. Nor are changes made after the occurrence of an accident evidence of negligence in the use of the former appliances.

TORT, for personal injuries occasioned to the plaintiff by a carding machine while in the defendants' employ. Trial in the Superior Court, before *Fessenden*, J., who, after the plaintiff had put in his evidence, directed a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. F. Simmons*, for the plaintiff.

*A. Lord*, for the defendants.

BARKER, J. When the injury was received, the plaintiff was in his sixteenth year, and of ordinary intelligence and capacity. He had worked for six weeks in a wool-carding room, four weeks feeding wool to the first breakers, and then as a spare hand, assisting other boys in putting in ends, taking off spools, and in other ways. One of these boys had received an injury on the day before the plaintiff was hurt, and he was ordered to take his place. This required him to attend to taking off spools of partially carded wool from the side drawing apparatus of the first breaker, place them in a box, and, when necessary, in the frames from which the second breaker was fed. In the afternoon of the second day on which he was so employed, while kneeling upon the floor and putting on a belt which ran the guide bar of the side drawing apparatus, his sleeve was caught by the revolving gears which operated the drawing drum, and his arm was drawn into the gears. One gear was about an inch and a half, and the other about three inches in diameter. They were set at right angles to each other, the larger one at right angles to the side of the carding machine. They were about thirteen inches from the floor, and as he knelt were by his side at the right. They were in plain sight, and the plaintiff testified that he had seen them revolving, and that they were going round and round all the time, and that he knew they were in motion and dangerous; that it would have been careless to put his finger or hand in them when they were going, and that if his hand got caught it would hurt him, and that if he attempted to put on the belt he would be liable to have his arm caught in the gears. He had put on the belt once, and only once, before; but

had seen it put on, and testified that he always had a dread of putting on the belt, because he thought it was dangerous, and thought that if he put it on he would be liable to get his arm caught in the gearing. He also testified that, for this reason, he had waited for fifteen or twenty minutes for some one to come and put on the belt. Although finally told to go and put it on, this was certainly enough to bring him within the settled rule, that one who attempts to do work which exposes him to an obvious, known, and appreciated danger assumes the risk of injury. *Patnode* v. *Warren Cotton Mills, ante,* 283, and cases cited. And, however his knowledge may have been acquired, there is no obligation upon the employer to give to the workman warning of a known danger. *Pratt* v. *Prouty,* 153 Mass. 333. *De Souza* v. *Stafford Mills,* 155 Mass. 476.

His counsel urge that he knew only the danger of getting his fingers pinched if he put his hand near the gears, and that he did not appreciate the danger of getting his clothing caught. But such is not the fair effect of his own testimony, in which he distinctly says that he had a dread of putting on the belt, because he thought he would be liable to get his arm caught in the gearing, although, as he explained the mode of putting on the belt, both of his hands would be within the side frame of the card and away from the gears. There was certainly enough to show that he appreciated the fact that, by placing himself where he did in attempting to put on the belt, he exposed himself to the liability of injury to his arm from the gears, and, comprehending so much, it was not necessary that he should appreciate the whole extent of the danger.

It is also urged that the jury should have been allowed to say whether the machine was defective. There was, however, no evidence tending to show the affirmative of that proposition. The first breaker of a set of wool cards with side drawing apparatus is well known, and neither the testimony nor the model disclosed any defect in the one by which the plaintiff was hurt. The belt which he was attempting to put on was described as old and as fastened by belt-hooks. But belt-hooks are in common use, and new belts are rare, and the coming off of the belt was not the cause of the injury. The evidence that afterward a change was made in the way in which the product of the first

breaker was carried over to the second, doing away with the belt, was merely the adoption of an improvement which substituted an entirely different apparatus and process for that in use when the plaintiff was hurt. The change was no indication that the earlier apparatus was defective. Nor are changes made after the occurrence of an accident evidence of negligence in the use of the former appliances. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 388. *Shinners* v. *Proprietors of Locks & Canals,* 154 Mass. 168. *Columbia & Puget Sound Railroad* v. *Hawthorne,* 144 U. S. 202, and cases cited.

*Exceptions overruled.*