### JAMES H. McGUERTY *vs.* DAVID HALE.

Suffolk.   January 17, 1894. — March 5, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Evidence — Negligence.*

In an action for personal injuries occasioned to the plaintiff, a boy eighteen years old, by having his arm caught in a machine upon which he was working in the defendant's employ, the plaintiff asked a witness called as an expert the following question. " Should you consider that a boy eighteen years old, a short boy like the plaintiff here, was a proper person to put to work on such a machine as that before you ? "   *Held*, that the question was rightly excluded.

In an action for personal injuries occasioned to the plaintiff while in the defendant's employ at work upon a machine, the plaintiff asked A., the defendant's foreman, who was a witness for the plaintiff, concerning B., a fellow workman, ".What should you call him ? "   The judge excluded the question, but told the plaintiff's counsel that he might inquire of the witness as to B.'s appearance, his ability and capacity to work, and his general mental capacity, so far as he observed it.   *Held*, that the plaintiff had no ground of exception.

In an action for personal injuries occasioned to the plaintiff while at work upon a machine in the defendant's employ, the declaration alleged that the defendant did not use reasonable care to furnish, and did not furnish, competent fellow workmen.   The defendant, in his direct examination, was allowed, against the plaintiff's objection, to answer the question whether A., his foreman, was a careful man or not.   It did not appear what the answer was; but it appeared that the plaintiff, on cross-examination, asked the defendant whether A. was a fairly careful man, and the defendant answered, " I should say so."   It also appeared that the plaintiff did not claim that A. was incompetent.   *Held*, that the evidence that A. was a careful man was admissible, even if his competency was conceded.

A master is not bound to cover the gearing upon a machine which is in plain sight, and is not liable to an action by a servant injured thereby merely for neglecting so to do.

If a room in a factory is a suitable place for a certain machine and the work which is done upon it, the fact that the foreman of the room, on a particular occasion,

did not lower the windows and ventilate the room, as he had been instructed by his master to do when the machine was being run, does not render the master liable to an action by a servant who is injured upon the machine while affected by dizziness caused by the room not being ventilated.

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by having his arm caught in a machine upon which he was working, the declaration alleged that the defendant neglected to furnish competent fellow workmen. The plaintiff's evidence showed that E., a fellow workman, was directed by the foreman to start the machine; that E. failed to do so, and the foreman started it and cautioned the plaintiff to look out for the end of the machine, on which were two cog-wheels; that shortly afterwards some wedges on that end became loose; and that the plaintiff, without being told to do so by the foreman, reached over to fix them, and his arm was caught in the wheels and injured. *Held*, that it did not appear that E.'s incompetency to do the work which the foreman set him to do, if he was incompetent, was in any way the cause of the plaintiff's injury.

TORT, for personal injuries occasioned to the plaintiff, a boy eighteen years old, while in the defendant's employ, by having his arm caught in a machine upon which he was working, on October 4, 1884. Writ dated October 3, 1890. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*J. M. B. Churchill*, for the plaintiff.

*L. W. Howes*, for the defendant.

FIELD, C. J. It appears that "the plaintiff called as an expert one Robinson, and asked him this question: 'Should you consider that a boy eighteen years old, a short boy like the plaintiff here, was a proper person to put to work on such a machine as that before you?'" The court excluded the question. This was right: the question was not one for an expert to answer.

The plaintiff's counsel also asked Edwards, a witness for the plaintiff, concerning Egan, a second hand in the defendant's rubber factory, "What should you call him, Mr. Edwards?" The court excluded the question, but said to the plaintiff's counsel that he might inquire of the witness as to Egan's appearance, his ability and capacity to work, and his general mental capacity, so far as he observed it. The question was very indefinite, and the court plainly intimated its willingness to admit everything that was material concerning the competency or incompetency of Egan to do the work he was set to do.

The defendant upon his direct examination was asked by his counsel whether Edwards was a careful man or not, and against the plaintiff's objection was allowed to answer the question. It does not appear what the answer was, but it appears that the plaintiff's counsel on cross-examination pursued the inquiry, and asked the defendant whether Edwards was a fairly careful man, and the defendant answered, "I should say so." It also appears that "the plaintiff did not claim that Edwards was incompetent." One of the allegations of the plaintiff's amended declaration is that "the defendant did not use reasonable care to furnish, and did not furnish, competent fellow workmen." The evidence that Edwards was a careful man was therefore admissible under this issue. If the fact of his competency was conceded at the trial, still there was no harm in proving it, although the proof was unnecessary.

The exceptions recite that "the plaintiff offered to prove that Edwards, about six years after the accident to the plaintiff, told the defendant that the safety of the workmen required that the gearing upon the machine in question should be covered, and that it was then covered by the defendant; but this evidence was excluded." This ruling should be considered in connection with the instruction to the jury that "the defendant was not bound in law to cover it [the gearing], and could not be made liable merely for neglecting so to do." The gearing was in plain sight, as the plaintiff testified. The ruling and instruction were correct upon the facts in evidence. *Shinners* v. *Proprietors of Locks & Canals*, 154 Mass. 168. *Downey* v. *Sawyer*, 157 Mass. 418. *Sullivan* v. *India Manuf. Co.* 113 Mass. 396. *Gilbert* v. *Guild*, 144 Mass. 601. *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182.

The court also instructed the jury, "that, if the dizziness of the plaintiff at the time he was injured was caused by the failure of Edwards to comply with the directions of the defendant as to ventilating the room by opening the windows, the defendant would not be liable for such failure." The plaintiff had testified that "there was a strong smell of benzine, which had the effect of making me dizzy and confused,— made my head feel very queer,"— and there was testimony that "this effect varies with different individuals and is greater in a close atmosphere." The

windows in the room were made to drop down from the top, and the testimony was conflicting whether all the windows were shut or not at the time of the accident. "The defendant testified that he instructed Edwards to ventilate the room by opening the windows when the machine was being run." If the room was a suitable place for such a machine and such work, the fact that the foreman on a particular occasion did not let the windows down and did not ventilate the room would not make the defendant liable at common law. If this was an act of negligence, it was the negligence of a fellow servant of the plaintiff. This we understand to be the meaning of the instruction, and so understood it is correct. *Zeigler* v. *Day*, 123 Mass. 152.

We are unable to see that Egan's incompetency to do the work which Edwards set him to do, if he was incompetent, was in any way the cause of the injury to the plaintiff. Edwards, the foreman, told Egan to go up stairs and help him get the machine ready. A part of the plaintiff's testimony recited in the exceptions is as follows: "It was Egan's place, after he got down from the top of the machine, to go around to the side where the belt was and run on the belt from the loose to the tight pulley, but he failed to do this. As Egan failed to do this, Edwards had to do it himself, and he told me to look out. Said he, 'Look out for this end of the machine,' meaning the end on which were the two cog-wheels, and as he said that he went on the opposite side and pushed on the belt from the loose to the tight pulley. A short while after the machine was started the jarring of the rolls loosened the two little wedges which held the sideboard in place on that side, and they became so loose that they were in danger of falling out. I sung out to Edwards that the wedges were loose; at the same time, and without anything being said to me, I reached over to fix them, and in so doing my wrist was caught between the large cog-wheel and the pinion. Egan in the mean time, as far as I could see, did nothing. He was standing at the back of the machine like a statue, and did n't do the first thing. This was the first time I had worked with Egan." As Edwards started the machine, it seems that Egan's failure to start it had directly nothing to do with the accident. It is to be noticed that Edwards did not tell the plaintiff to fix the wedges or to put his hands in near the cog-wheels.

Whether Edwards expected that the plaintiff would tell him if the wedges got loose, so that he could stop the machine and fasten them, or expected that the plaintiff would undertake to fasten the wedges while the machine was in motion, is not entirely clear, but we cannot see that it was through any fault of Egan that the plaintiff was hurt. Egan's failure to start the machine cannot be considered as the proximate cause of the plaintiff's injuries.                    *Exceptions overruled.*