DANIEL DACEY, administrator, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

DANIEL DACEY & another *vs.* SAME.

Suffolk.    March 11, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Master and Servant — Personal Injuries and Death — Absence of Evidence as to Mode of Death — Evidence of Precautions subsequent to Accident.*

In an action under St. 1887, c. 270, §§ 1, 2, and amendments thereof, brought by the administrator or next of kin of a person who was killed while in the performance of his duties as a switchman for the defendant, it is necessary for the plaintiff to show by affirmative proof that the deceased, when killed, was in the exercise of due care, and where the evidence leaves the manner in which the death occurred merely to conjecture, such action cannot be maintained.

Evidence of precautions taken subsequent to the occurrence of an accident is not competent to show prior negligence of the defendant.

TWO ACTIONS OF TORT, under St. 1887, c. 270, § 1, as amended by St. 1893, c. 359, and under § 2, brought by the administrator of John Dacey to recover for the conscious suffering of his intestate, and by the next of kin of the intestate to recover for his death without conscious suffering, in consequence of an accident which occurred near a switch in the defendant's freight yard at Attleborough on the night of March 30, 1894, while the deceased was engaged in the performance of his duties as a switchman on a freight train of the defendant.

Trial in the Superior Court, before *Lilley,* J., who ruled that the actions could not be maintained, and directed a verdict in

both cases for the defendant; and the plaintiffs alleged exceptions. The material facts appear in the opinion.

*M. J. Sughrue & J. J. McCarthy*, for the plaintiffs.

*C. F. Choate, Jr.*, for the defendant.

BARKER, J. The verdicts were rightly ordered, because the evidence would not support a finding that when the deceased was injured he was in the exercise of due care. Such a finding would be only a conjecture. No one saw him at the time of the accident. If we assume that he was hurt by coming in contact with the switch, the evidence does not disclose how or why he struck it, or what he was doing at the time. When last seen before the accident he was walking upon the ground sixty feet or more from the switch, with a lantern in his hand going away from the switch and towards the rear car of four box freight cars which were approaching the switch and approaching the deceased, and upon which he was expected to ride to another switch which it would be his duty to turn. The only witness who saw him was upon the top of the rear car, and this witness testified that the deceased came walking up to get a ride on that car ; that he did not see the deceased get on, but knew he was going to get on because he came right over to the car, and that when he last saw him he was approaching the car with his lantern in his hand. When the car was opposite the switch the witness heard a " bang," the switch shook, and the light on the top of it went out. When about ten or twelve feet farther along, the forward trucks of the rear car went off the rails, and the witness laid down and looked backward, and saw a light in the middle of the track. He then jumped off the car, went back, and found the deceased, with his lighted lantern on his arm, fatally injured on the track, at a point ten or twelve feet from the switch, and on the opposite side of it from the point where he was last seen before the accident. The additional fact, that the board of the switch was found to be split and its frame bent, makes it probable that the deceased, having got upon the car, was carried against the switch, but even this is uncertain. There was no ladder on the side of the car, and there was a stirrup and a grab-iron on the right hand side at the front end. There was a similar stirrup and a grab-iron on the left hand side of the car at the rear end, and there was a ladder on the right hand side of the

front end of the car, and another ladder on the left hand side of the rear end. Whether the deceased had got on board of the car, or, if we infer that he had, how he did so, and in what position he was when injured, can only be conjectured. It was for the plaintiffs to show by affirmative proof that he was in the exercise of due care, and because the evidence left it to conjecture, the verdicts for the defendant were rightly ordered. Besides this, the deceased had assumed as an ordinary risk of his work the possibility that, when boarding freight cars or riding on them, he might come in contact with switches or structures near the tracks. See *Bell* v. *New York, New Haven, & Hartford Railroad*, *ante*, 443, and cases cited. The switch had long been in the same location, he had passed it many times a week for months, and the mere fact that after the accident the switch was found bent toward the track was not evidence that it was out of plumb before the deceased came in contact with it.

The evidence that a switch of a different kind was substituted after the accident was properly excluded. Precautions subsequently taken are not competent to show that the defendant was negligent before. *Shinners* v. *Proprietors of Locks & Canals*, 154 Mass. 168. *Menard* v. *Boston & Maine Railroad*, 150 Mass. 386. *Downey* v. *Sawyer*, 157 Mass. 418.

*Exceptions overruled.*