SARAH E. STEVENS, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SAME *vs.* SAME.

Suffolk.    November 16, 1903. — January 5, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Negligence,* On street railway.    *Evidence.*

In an action against a street railway company by the driver of a carriage, for injuries from being run into by a car of the defendant on which the motorman did not sound the gong, a rule of the defendant, in a book of rules issued to motormen and conductors, in regard to sounding the gong when passing vehicles and in other cases, is admissible to show negligence on the part of the motorman.

TWO ACTIONS OF TORT by the administratrix of the estate of Charles N. Stevens, the first for the suffering of the intestate

and the second for his death, both alleged to have been caused by the negligence of the defendant's servants in operating a car of the defendant. Writs dated respectively November 19, 1900, and September 20, 1901.

In the Superior Court the cases were tried together before *Fessenden*, J., without a jury. The plaintiff's intestate was a hackman driving a carriage in a funeral. According to the plaintiff's evidence the car came up from behind, and struck one of the forward wheels of the carriage and one of the horses. It was admitted that neither before nor at the time of the accident did the motorman sound the gong. The judge found for the plaintiff in both cases, assessing damages in the first case at $2,500, and in the second case at $4,000. The defendant alleged exceptions.

The exception relied upon was as follows:

The plaintiff offered in evidence one of the rules in a certain book admitted by the defendant to be a book of rules issued by the defendant company to its motormen and conductors, and admitted to have been the book of rules that was in force on the day of the accident. The rule which the plaintiff offered was Rule 83, and was as follows:

" Gong Ringing. The gong must always be sounded before starting, when starting, and before reaching, and at all street crossings, when passing other cars or vehicles, and at all points where vehicles or foot passengers are crossing or are liable to cross the tracks. The gong must not be sounded wantonly or unnecessarily, and when passing places of worship during service hours, making as little noise as possible. Upon approaching streets or crossings the power must be shut off and the car kept under perfect control. This rule must be strictly observed during all hours of the day and night."

To the admission of this rule the defendant objected. The counsel for the plaintiff said: " I put it in as a rule of conduct for your motorman by which he is to be judged to some degree." The judge then said: " I suppose it is put upon the same ground that an ordinance is put upon as bearing upon the carelessness or negligence of the person by whom the rules are to be followed. I will admit the evidence and save Mr. Thompson his exception." The rule was then admitted in evidence.

*W. G. Thompson,* for the defendant.

*S. L. Whipple & W. R. Sears,* for the plaintiff.

KNOWLTON, C. J.   The only exception now relied on by the defendant is to the admission in evidence of the defendant's rule in regard to sounding the gong, in ·connection with testimony that the defendant's motorman disobeyed the rule and that this disobedience was one of the causes of the accident.   The decisions in different jurisdictions are not entirely harmonious upon the question now raised, but we are of opinion that the weight of authority and of reason tends to support the ruling of the judge in the present case.

It has been settled by various adjudications in this Commonwealth that the adoption of additional precautions for safety by a defendant, after an accident, cannot be proved, as tending to show liability for the method used at the time of the accident. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386.   *Shinners* v. *Proprietors of Locks & Canals,* 154 Mass. 168.   *Downey* v. *Sawyer,* 157 Mass. 418.   *Hewitt* v. *Taunton Street Railway,* 167 Mass. 483, 485, 486.   *Dacey* v. *New York, New Haven, & Hartford Railroad,* 168 Mass. 479, 481.   This is the general rule in other jurisdictions.   *Morse* v. *Minneapolis & St. Louis Railway,* 30 Minn. 465.   *Columbia & Puget Sound Railroad* v. *Hawthorne,* 144 U. S. 202, 207, 208, and cases there cited.

On the other hand, a violation of rules previously adopted by a defendant in reference to the safety of third persons has generally been admitted in evidence as tending to show negligence of the defendant's disobedient servant for which the defendant is liable.   The admissibility of such evidence has often been assumed by this court without discussion.   *Mayo* v. *Boston & Maine Railroad,* 104 Mass. 137, 140.   *Connolly* v. *New York & New England Railroad,* 158 Mass. 8, 10, 11.   *Floytrup* v. *Boston & Maine Railroad,* 163 Mass. 152.   *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574, 578, 579.   See also in other courts, *Chicago, Milwaukee & St. Paul Railway* v. *Lowell,* 151 U. S. 209, 217 ; *Warner* v. *Baltimore & Ohio Railroad,* 168 U. S. 339, 346.   In *Floytrup* v. *Boston & Maine Railroad, ubi supra,* Mr. Justice Barker said in the opinion, " The evidence of the usage of the road, that one train should not enter a station while another train was engaged in delivering passengers there,

was competent upon the question whether the defendant's servants managed the train in a proper manner." .Similar statements of the law may be found in numerous cases. *Dublin, Wickford & Wexford Railway* v. *Slattery,* 3 App. Cas. 1155, 1163. *Delaware, Lackawanna & Western Railroad* v. *Ashley,* 67 Fed. Rep. 209, 212. *Cincinnati Street Railway* v. *Altemeier,* 60 Ohio St. 10. *Lake Shore & Michigan Southern Railway* v. *Ward,* 135 Ill. 511, 518. *Georgia Railroad* v. *Williams,* 74 Ga. 723, 733. *Atlanta Consolidated Street Railway* v. *Bates,* 103 Ga. 333. The only decision to the contrary of which we are aware is in the case of *Fonda* v. *St. Paul City Railway,* 71 Minn. 438, 449.

It is contended by the defendant that there is no sound principle under which such evidence can be admitted. The evidence is somewhat analogous to proof of the violation of an ordinance or statute by the defendant or his servant, which is always received as evidence, although not conclusive, of the defendant's negligence. *Wright* v. *Malden & Melrose Railroad,* 4 Allen, 283. *Lane* v. *Atlantic Works,* 111 Mass. 136. *Hall* v. *Ripley,* 119 Mass. 135. *Hanlon* v. *South Boston Horse Railroad,* 129 Mass. 310. Such an ordinance or statute, enacted by a body representing the interests of the public, imposes *prima facie* upon everybody a duty of obedience. Disobedience is, therefore, a breach of duty, unless some excuse for it can be shown which creates a different duty, that, as between man and man, overrides the duty imposed by the statute or ordinance. Such disobedience in a matter affecting the plaintiff is always competent upon the question whether the defendant was negligent. So a rule made by a corporation for the guidance of its servants in matters affecting the safety of others is made in the performance of a duty, by a party that is called upon to consider methods, and determine how its business shall be conducted. Such a rule, made known to its servants, creates a duty of obedience as between the master and the servant, and disobedience of it by the servant is negligence as between the two. If such disobedience injuriously affects a third person, it is not to be assumed in favor of the master that the negligence was immaterial to the injured person, and that his rights were not affected by it. Rather ought it to be held an implication that there was a breach of duty towards him, as well as towards the master who prescribed the

conduct that he thought necessary or desirable for protection in such cases. Against the proprietor of a business, the methods which he adopts for the protection of others are some evidence of what he thinks necessary or proper to insure their safety.

A distinction may well be made between precautions taken voluntarily before an accident, and precautions which are suggested and adopted after an accident. This distinction is pointed out in *Columbia & Puget Sound Railroad* v. *Hawthorne*, 144 U. S. 202, 207. Mr. Justice Gray, referring to changes made by a defendant after an accident, says in the opinion, " It is now settled, upon much consideration, by the decisions of the highest courts of most of the States in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant." In *Morse* v. *Minneapolis & St. Louis Railway*, 30 Minn. 465, it is said, referring to the same subject, that " A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards." See also *Illinois Central Railroad* v. *Swisher*, 61 Ill. App. 611. In *Menard* v. *Boston & Maine Railroad*, 150 Mass. 386, and in some of the earlier cases there is language which goes further than the decision, and which might imply that such evidence as was received in this case is incompetent, but the case is authority only for that which was decided.

*Exceptions overruled.*