(128 App. Div. 175.)

SULLIVAN v. RICHMOND LIGHT & R. CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

STREET RAILROADS (§ 113*)—INJURIES TO PERSON ON TRACK—NEGLIGENCE—EVIDENCE.

    In an action for injuries to a child struck by a street car operated, in the presence of the motorman, by a boy 18 years old employed by the company as a clerk, evidence of a rule of the company prohibiting the motorman from permitting any person on the front platform, with certain exceptions, which did not include the clerk, was admissible on the issue whether the motorman exercised the care which an ordinarily prudent person would have;exercised under similar circumstances.

    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 113.*]

Appeal from Trial Term, Richmond County.

Action by Florence Sullivan, an infant, by Daniel J. Sullivan, her guardian ad litem, against the Richmond Light & Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John J. Kenney, for appellant.

Warren C. Van Slyke (George M. Pinney, Jr., on the brief), for respondent.

HOOKER, J.   The action is for negligence, in that the defendant carelessly permitted one of its street cars to run down a child on the street and inflict physical injury.   At the time of the accident the car was being operated by an 18 year old boy, the son of the superintendent of the defendant, in its employ as a clerk.   The car's regular motorman was also on the front platform.

The principal question in the case arises upon the receipt in evidence, over the defendant's objection and exception, of a rule of the defendant company that motormen must not permit any persons on the front platform, except certain designated officials, of whom the clerk was not one, and that motormen must not allow others to operate their cars, except students when under instruction, which the clerk was not.   The defendant urges that the introduction of this evidence was error, because the rule required a higher degree of care upon the part of the motorman than the law imposed upon the company itself, and the plaintiff, from her tender years, could neither have known nor relied upon that rule.   The admission of the evidence was proper, both on principle and authority.   The purpose of the adoption of the rule was to insure safe and careful operation of the cars of the defendant, that no injury might be done the equipment, to the loss of the defendant, the motorman's employer; that those being carried in the car might not be injured, and thus avoid harm to the passengers; and that lawful users of the street might not suffer collision, and thus avoid injuries to third parties.   The law adopts a certain standard of conduct in such cases, namely, that the motorman shall exercise that degree of care and caution which an ordinarily prudent person would under similar circumstances.   That the defendant, the motorman's master, has adopted for his guidance a higher standard of conduct is material in an action against the master, who promulgated the rule, by one who has been injured by reason of its violation; for the motorman's violation of the rule showed in this case a negligent disregard of the duty under which he rested, to the master, to observe certain precautions enjoined by it for the purpose of avoiding just such accidents as occurred here.   The motorman's negligence was an issue.   Whether he observed his master's instructions, as well as his legal obligation, in the discharge of his duty toward users of the highway, is not immaterial on that issue.

So, too, it has been held.   In Stevens v. Boston El. Railway Co., 184 Mass. 476, 69 N. E. 338, where defendant's car ran into the plaintiff, the driver of a carriage, it was held that a rule of the defendant requiring the sounding of a gong when passing carriages and other vehicles was admissible to show negligence on the part of the motorman.   The court said:

"A rule made by a corporation for the guidance of its servants in matters affecting the safety of others is made in the performance of a duty, by a party that is called upon to consider methods, and determine how its business

shall be conducted. Such a rule, made known to its servants, creates a duty of obedience as between the master and servant, and disobedience of it by the servant is negligence as between the two./ If such disobedience injuriously affects a third person, it is not to be assumed, in favor of the master, that the negligence was immaterial to the injured person and that his rights were not affected by it. Rather ought it to be held an implication that there was a breach of duty towards him, as well as towards the master, who prescribed the conduct that he thought necessary or desirable for protection in such cases. Against the proprietor of a business, the methods which he adopts for the protection of others are some evidence of what he thinks necessary or proper to insure their safety."

It was likewise said in the same case that evidence of this character is somewhat analogous to proof of the violation of an ordinance or statute, which, while not conclusive of the defendant's neligence, is always material.

The other questions presented have been examined, but we are not persuaded that any error was committed upon the trial which would warrant a reversal of the judgment.

The judgment and order appealed from must therefore be affirmed, with costs. All concur.