LEONARD HODGES

*v.*

ELDORA PERCIVAL.

*Filed at Ottawa January 21, 1890.*

1. NEGLIGENCE—*how determined—subsequent use of new appliances—evidence.* In an action to recover for an injury resulting from the alleged negligence of the defendant, the question of negligence should be determined by what occurred before and at the time of the accident, and not by what is done afterward. New measures or devices adopted after the accident do not necessarily imply that all previous ones were insufficient.

2. So in an action against the owner of a passenger elevator, to recover for a personal injury from negligence in respect to the construction and operation of the elevator, it is error to allow a witness to testify, over defendant's objection, that he has, since the injury, employed and used an air-cushion, for the purpose of breaking the force of a fall in case there should be one. Such evidence is liable to be construed as an admission on the defendant's part that his elevator before was not safe.

3. SAME—*duty to adopt new devices—contributing to greater safety.* However, a person operating a passenger elevator is bound to avail himself of all new inventions and improvements known to him, which

will contribute materially to the safety of his passengers, whenever the utility of such improvements has been thoroughly tested and demonstrated, and their adoption is within his power, so as to be reasonably practicable. For this reason it is proper to show that a valuable device for securing safety was known to the operator, and its use neglected before an accident.

4. ERROR WILL NOT ALWAYS REVERSE—*general rule.* It is not every error of the trial court that will justify a reversal of the judgment. If it can be plainly seen, from the record, that the error complained of could not have worked any injury to the party complaining, and that the verdict must have been what it was in spite of such error, then the judgment ought not to be reversed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. STILES & LEWIS, for the appellant:

The question of negligence must be viewed from a standpoint prior to the accident. *Loftus* v. *Ferry Co.* 22 Hun, 33; *Burke* v. *Witherby*, 98 N. Y. 562; *Sjogren* v. *Hull*, 53 Mich. 274; *Moore* v. *Railway Co.* 30 Minn. 468; *Nally* v. *Carpet Co.* 51 Conn. 524; Black on Proofs and Plead. in Accident Cases, 37, *et seq.*

Messrs. BRANDT & HOFFMANN, and Mr. JOSEPH N. BARKER, for the appellee:

An elevator operator is required to use the utmost practicable care for the safety of its passengers. *Railroad Co.* v. *George*, 19 Ill. 510; *Railroad Co.* v. *Fay*, 16 id. 558; *Railroad Co.* v. *Yarwood*, 15 id. 469; *Frink* v. *Potter*, 17 id. 410; *Boscowitz* v. *Express Co.* 93 id. 523; *Packet Co.* v. *True*, 88 id. 608.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of case begun by the appellee on February 12, 1887, in the Superior Court of Cook County, against the appellant to recover damages for injuries suffered through the

falling of an elevator in a building owned by the appellant. The jury returned a verdict of $1500.00 for the plaintiff below, and judgment was rendered upon the verdict. This judgment has been affirmed by the Appellate Court and from the latter court the case is brought before us by appeal.

The plaintiff rented of the defendant, and occupied, a suite of rooms in a five story brick building owned by him, and located at the corner of Indiana Avenue and 22d Street in Chicago. There were about thirty five rooms on each floor, occupied mainly for residence purposes. The rooms of the plaintiff were on the fifth floor. The number of tenants was between 120 and 150. In the building was an elevator for the accommodation of the tenants, running from the ground floor to and above the fifth floor, operated by water power and having a cab that would hold seven or eight persons.

Between 5 and 6 o'clock on the evening of December 17, 1886, the plaintiff and her sister, together with two other persons besides the boy having charge of the elevator, were ascending in it to reach their rooms. On the way up, the elevator became uncontrollable and continued to ascend beyond the fifth floor until it came in contact with the cross-beam at the top, when the machinery gave way and it dropped to the bottom, carrying with it all of its occupants except the elevator boy, who jumped out at the fifth floor. The damages claimed are for the injuries alleged to have been received in this fall. Plaintiff's sister was Elizabeth Bearse, and the accident here spoken of is the same accident described in *Hodges* v. *Bearse*, 129 Ill. 87.

In the course of the trial below, the plaintiff introduced a witness by the name of Ellithorpe, who testified that he had been in the elevator business about ten years, that what is known as the air-cushion was in common use in December, 1886, that its object was to prevent injury from the fall of an elevator by confining air at the bottom of the hatchway so as to resist the falling body, that it had been tested and found

effective for the prevention of injuries, that such an air-cushion was then (at the time when the witness was testifying) used in the defendant's building, that it was put in in the fall or winter of 1886 after the accident happened. Defendant objected to the statement that an air-cushion had been put in after the accident; the objection was overruled and exception taken.

The admission of the testimony, that an air-cushion was put in the elevator shaft after the happening of the accident, is the only ground for reversal which is presented to our attention by appellant's counsel. We think that the testimony was improper and should have been excluded.

Evidence of precautions taken after an accident is apt to be interpreted by a jury as an admission of negligence. The question of negligence should be determined by what occurred before and at the time of the accident, and not by what is done after it. New measures or new devices adopted after an accident do not necessarily imply that all previous devices or measures were insufficient. A person operating a passenger elevator is bound to avail himself of all new inventions and improvements known to him, which will contribute materially to the safety of his passengers whenever the utility of such improvements has been thoroughly tested and demonstrated, and their adoption is within his power, so as to be reasonably practicable. For this reason it was proper to show that a valuable device for securing safety was known to the defendant, and its use neglected by him, before the accident; but it would seem unjust that he could not take additional precautions after the accident without having his acts construed into an admission of prior negligence. Persons, to whose negligence accidents may be attributed, will hesitate about adopting such changes as will prevent the recurrence of similar accidents, if they are thereby to be charged with an admission of their responsibility for the past. The happening of an accident may inspire a party with greater diligence to prevent a repetition of a similar occurrence, but the exercise of such

increased diligence ought not necessarily to be regarded as. tantamount to a confession of past neglect.

We are aware that there is a conflict of authority upon this: subject. In Pennsylvania evidence of precautions taken after· the accident has been held competent. (*Penn. R. R. Co.* v.. *Henderson*, 51 Penn. 315; *Westchester & P. R. R. Co.* v. *Mc-- Elwee*, 67 id. 311; *McKee* v. *Bidwell*, 74 id. 218). But it has been held, that such evidence is not admissible, in New York,. Connecticut, Iowa and Minnesota. (*Dougan* v. *Champlain. Trans. Co.* 56 N. Y. 1; *Baird* v. *Daly*, 68 id. 547; *Salters* v. *Del. & H. C. Co.* 3 Hun, 338; *Payne* v. *Troy & Boston R. R.. Co.* 9 id. 526; *Morrell* v. *Peck*, 24 id. 37; *Cramer* v. *City of Burlington*, 45 Iowa, 627; *Hudson* v. *C. & N. W. R. R. Co.*. 59 id. 581; *Morse* v. *Minneapolis & St. Louis R'y Co.* 30 Minn.. 465; *Nalley* v. *Hartford Carpet Co.* 51 Conn. 524.)

In the last case the Supreme Court of Connecticut reviews. the cases in the other States, and, in deciding against the· admissibility of such testimony, uses the following language :· "If the subsequent act is made to reflect back upon the prior one, although it is done upon the theory that it is a mere admission, yet it virtually introduces into the transaction a new· element and test of negligence which has no business there,. not being in existence at the time." Black, in his work on Proof and Pleadings in Accident Cases, (page 37, sec. 30),. announces, as the result of his examination of the authorities, that "precautions taken after an accident are not, in general,. admissible for the purpose of showing prior negligence."

But it is not every error committed by a trial court which will justify a reversal of the judgment. If it can be plainly· seen from the record, that the error complained of could not have possibly worked any injury to the complaining party, and that the verdict must have been what it was in spite of such error, then the judgment ought not to be reversed. In this particular case we do not think that the admission of the·

testimony objected to could have worked any harm to the defendant for two reasons.

In the first place, the jury must have given their verdict independently of the question, whether the defendant did, or did not, by his subsequent conduct, admit that he ought to have put an air-cushion in the elevator shaft. The defendant submitted thirty five questions of fact upon which the jury were required to make special findings. In answer to these questions, the jury found specially that the elevator was out of repair; that the negligence or improper conduct of the elevator boy, who did not understand how to operate the valve with safety, caused or contributed to causing the accident; that the primary cause of it was an obstruction in the valve, which could have been prevented by appliances then in common use; that such obstruction prevented the turning off of the pressure of the water upon the piston in the cylinder, and thereby caused such a pressure upon the cross-head, that the latter broke and caused the cab to fall; that the cross-head had been in use for four years, but did not perform its duty safely, and was not of the kind then in common use for the same purpose; that, at an inspection made before the accident, the elevator was not found to be safe; that, neither at the time of the accident, nor when the elevator was put in, were there any elevators in common use for the carriage of passengers having the same safety appliances as the elevator in question, and no other safety appliances than the elevator in question; that the elevator did not, at the time of the accident, have an air-cushion the same upon principle and in effect as the Ellithorpe Air Cushion.

In the next place, the instructions given for the defendant were of such a character as to protect him against any injurious effects from the improper testimony. In *Nalley* v. *Hartford Carpet Co. supra,* the court refused to give an instruction limiting the scope and effect of the evidence complained of. Such was not the case here. We pass no opinion upon the

correctness or incorrectness of the instructions so given, but simply hold that they tended to relieve the defendant from the consequences of the admission of the evidence of which he complains.

The fourteenth of said instructions told the jury, that, although they might believe from the evidence that an improvement had been made and patented upon elevators similar to the one in question, or upon the apparatus used in connection therewith, for preventing injury to passengers in case of accidents, "yet the defendant was not bound, for that reason alone, to purchase or use such improvement; the defendant was only under obligation to use reasonable and ordinary care in providing and operating suitable and safe machinery, and to provide such as was reasonably safe." If the defendant was not bound to use the Ellithorpe air-cushion before the accident, it is difficult to see how proof of his use of it thereafter could have prejudiced his case before the jury. The thirteenth instruction also told the jury, that "the defendant was not bound to furnish the very best or most improved kind of machinery or apparatus for the purpose of conveying passengers," etc.

The tenth instruction said to the jury: the defendant "cannot be held liable in this action simply because you may think there was a better or more secure kind of elevator that might have been put in the building." If the defendant was not liable because he did not put in, before the accident, an air-cushion that would have made his elevator better and safer, his admission after the accident that such air-cushion was capable of making the elevator better and safer could not have prejudiced his case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*