## ATCHISON, T. & S. F. R. CO. v. PARKER.

### (Circuit Court of Appeals, Eighth Circuit. February 6, 1893.)

### No. 166.

1. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.

In an action by a railroad employe against the company to recover for personal injuries alleged to have been caused by a defective engine, where the defense is negligence on the part of the engineer, who was plaintiff's coservant, plaintiff may introduce evidence that it was an imperative rule with defendant's officers to either discharge, suspend, or reprimand employes guilty of negligence causing a collision, and that the engineer in question was never discharged, suspended, or reprimanded.

2. SAME—DEFECTIVE MACHINERY—EVIDENCE OF SUBSEQUENT REPAIRS.

In an action for personal injuries alleged to have been caused by defective machinery it is error to receive evidence that the machinery was re-

paired subsequent to the accident, for the purpose of proving negligence, or as an admission of negligence.

**3. SAME.**

In an action against a railroad company to recover for personal injuries alleged to have been caused by a defective engine, statements made by the engineer to third parties as to the condition of the engine are hearsay and inadmissible.

In Error to the United States Court in the Indian Territory.

Action by David D. Parker aginst the Atchison, Topeka & Santa Fe Railroad Company to recover damages for personal injuries. Verdict and judgment for plaintiff. Defendant brings error. Reversed.

Statement by THAYER, District Judge:

The defendant in error brought a suit against the Atchison, Topeka & Sante Fe Railroad Company (hereafter called the Railway Company) to recover damages for injuries sustained on the 13th day of July, 1890, while in its employ as a freight conductor. The complaint on which the case was tried alleged in substance that at the time of the accident the Railway Company owned an old, worn-out, and defective engine, which was unfit to run upon its road, and had been sent to the town of Purcell, in the Indian Territory, to be there used in the yards as a switch engine, with full knowledge on the part of the Railway Company that the valves of said engine, and the ratchet which controlled the throttle valve, were so worn and out of repair that said engine would at times take steam in spite of the efforts of the engineer in charge to control it, and thus become unmanageable and dangerous. It was further alleged that, in consequence of the unmanageable condition of the engine in question in the respect last mentioned, it escaped from the control of the engineer while it was being used for switching purposes in the Railway Company's yard at Purcell, and dashed violently into a caboose car standing on a side track, in which the defendant in error was at the time sleeping, thereby precipitating him from his berth, fracturing his collar bone, and otherwise injuring him. The evidence offered by the defendant in error tended strongly to show that the ratchet and dog which controlled the throttle valve of the engine were in fact badly out of order, and that the engineer lost control of the engine on the occasion of the accident in consequence of such defect. On the other hand, the Railway Company contended that the ratchet and dog were in an ordinarily safe and fit condition to control the action of the throttle valve at the time of the accident, and that the collision was due to the carelessness of the engineer. The evidence further tended to show that the plaintiff's collar bone was fractured, and that he was disabled from pursuing his ordinary avocation for the space of about three months, but that he was not otherwise seriously hurt. The jury returned a verdict in favor of the plaintiff, and assessed his damages at the sum of $12,500.

George R. Peck, Henry E. Asp, and Robert Dunlap, for pliantiff in error.

David Overmyer and W. A. Ledbetter, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge, (after stating the facts as above.) The only questions presented by the record which we find it necessary to consider, concern the action of the trial court in admitting certain testimony. An exception was taken by the Railway Company because the trial court permitted the plaintiff to show by the defendant's general manager, and by other witnesses, that it was an imperative rule of the defendant company to either discharge, suspend, or reprimand its employes whenever a collision

or other serious accident was occasioned by their fault or negligence, and that the engineer who had charge of the switch engine at the time the plaintiff was hurt had neither been reprimanded, suspended, nor discharged by any of his superior officers by reason of his conduct on that occasion. It is insisted by the plaintiff in error that such evidence was irrelevant and immaterial, and that it should have been excluded. We think, however, that the testimony was relevant, in view of the fact that the main contention of the defendant appears to have been, that the collision was caused by the fault of the engineer. It may not have been very persuasive evidence that the engineer was blameless, but, so long as the defendant company undertook to shield itself from liability by the plea that the collision was due to the negligence of the engineer, who was a fellow servant of the plaintiff, we think it was permissible to show the existence of the rule, and the fact that the engineer had never been reprimanded by any of his superior officers whose duty it was to reprimand him if his conduct on the occasion of the accident was in any respect culpable. The testimony had a direct tendency to rebut one of the defenses on which the Railway Company evidently relied. It was in the nature of an admission on the part of the company that, prior to the trial at least, it did not regard the engineer as deserving of censure.

The next exception to the action of the lower court has greater force. The accident occurred on the 13th day of July, 1890. In the course of the trial the plaintiff's counsel produced and read in evidence, two reports made by the foreman of the defendant's repair shops at Topeka, Kan., showing that the switch engine in question had been extensively repaired during the months of September and December succeeding the accident. To the introduction of these reports the defendant's counsel duly objected and saved an exception. In recent years it has been repeatedly held that the introduction of such proof in cases of this character, for the purpose of establishing or helping to establish the charge of negligence, is reversible error, and the doctrine has lately been considered and approved by the supreme court of the United States. Railroad Co. v. Hawthorne, 144 U. S. 202, 208, 12 Sup. Ct. Rep. 591; Morse v. Railway Co., 30 Minn. 465, 16 N. W. Rep. 358; Nalley v. Carpet Co., 51 Conn. 524; Corcoran v. Peekskill, 108 N. Y. 151, 15 N. E. Rep. 309; Railroad Co. v. Clem, 123 Ind. 15, 23 N. E. Rep. 965; Shinners v. Proprietors, 154 Mass. 168, 28 N. E. Rep. 10; Hodges v. Percival, 132 Ill. 53, 23 N. E. Rep. 423; Dougan v. Transportation Co., 56 N. Y. 1. The ground upon which the exclusion of such testimony rests is twofold: First, that the making of repairs to a piece of machinery after an accident has occurred, has no legitimate tendency to show that such piece of machinery was not in an ordinarily safe and fit condition for use before such repairs were made; and, secondly, because the admission of such evidence for the purpose of showing that a defendant has been negligent, has a strong tendency to discourage employers in making alterations or repairs, which would otherwise be made, and would render machinery more safe, and accidents less frequent. As was well said by the supreme

court of Indiana in the case above cited, "the effect of declaring such evidence competent is to inform a defendant that if he makes changes or repairs he does it under penalty; for, if the evidence is competent, it operates as a confession that he was guilty of a prior wrong." As an additional reason for excluding the proof of subsequent repairs, which was offered and received in the case at bar, it might be suggested that the greater portion of the repairs were made at a period so remote from the occurrence of the accident as to furnish no sufficient basis for a safe inference as to the actual condition of the switch engine when the injury was sustained. Notwithstanding all of the repairs that were shown to have been made in December, or even in September, 1890, it may well be that the engine was in an ordinarily safe and fit condition for switching purposes on the 13th of the previous month of July. The evidence certainly had no marked tendency to show the defective condition of the dog or ratchet at the latter date, and that was the particular defect on which the plaintiff relied. Viewed from any standpoint, therefore, the evidence in question was not very pertinent to the issue which the plaintiff had to maintain. But we prefer to base our ruling that the testimony was incompetent, and should have been excluded, upon the broad ground on which the cases above cited seem to rest,—that evidence of repairs or alterations having been made by the owner of a piece of machinery after an accident has occurred, should not be received to convict the owner of having been negligent in not having made such repairs or alterations at an earlier period. Other and more reliable evidence can usually be obtained to establish a fact of that nature.

Many other exceptions were taken to the action of the trial court, some of which have been argued before us; but, as the case must be reversed for the reason last indicated, we do not consider it necessary to notice the other assignments in detail or at much length. It will be sufficient to say that we regard much of the testimony which was admitted concerning the organization of the Santa Fe Railway Employe's Association as totally irrelevant to any issue which was presented by the pleadings. The plaintiff was entitled, no doubt, to show that one of the medical experts who testified in behalf of the Railway Company was in its employ as a salaried officer at the time he gave his testimony, but beyond that point the inquiry should not have extended. We also think that certain letters and memoranda which were produced by the witness W. E. Symons were so far irrelevant to the issues involved that they might have been properly excluded, and that they should be excluded, if the case is retried. This statement, however, does not include the letter written by the engineer, C. W. Stewart, to Mr. Courteny, under date of July 28, 1890, giving an account of the collision.[1] The members of this court are not fully in accord as to the admissibility of that letter,

---

[1] This letter was to the following effect: "In regard to the accident that happened July 13, while switching in the yard with engine 214, while backing up to the way car 4269, throttle flew open, and we struck said car. The reverse lever is all O. K., and the engine is generally in very good condition, except the throttle ratchet, and that is not very good."

and, as the present record does not disclose the exact circumstances under which it was written, we will not express an opinion at this time as to its admissibility. The statement made by the engineer, Stewart, to the witness E. H. German, concerning the condition of the ratchet, as testified to by the latter, was clearly hearsay, and should have been withdrawn from the consideration of the jury, in compliance with the motion made to that effect. The judgment of the lower court should be reversed, and it is so ordered, with directions to grant a new trial.