## MOTEY v. PICKLE MARBLE & GRANITE CO.

(Circuit Court of Appeals, Eighth Circuit. April 13, 1896.)

### No. 703.

1. TRIAL—INSTRUCTIONS—DIRECTING VERDICT.

It is the duty of the court at the close of the evidence to direct a verdict for the party who is clearly entitled to recover when it would be its duty to set aside a verdict in favor of his opponent if one were rendered.

2. NEGLIGENCE—PERSONAL INJURIES—PROXIMATE CAUSE.

An injury that is the natural and probable consequence of acts of negligence is actionable, but an injury that could not have been foreseen or reasonably anticipated as the probable result of the negligence is not actionable.

3. MASTER AND SERVANT—ASSUMPTION OF RISKS.

A servant assumes the ordinary risks and dangers of the employment upon which he enters, so far as they are known to him, and so far as they would have been known to one of his age, experience, and capacity by the use of ordinary care.

4. SAME—NEGLIGENCE OF BOTH PARTIES.

If the negligence of a servant is one of the proximate causes of his injury, he cannot recover of his master, even though the negligence of the master also contributed to it.

5. SAME—CONTRIBUTORY NEGLIGENCE.

A servant is bound to exercise a degree of care commensurate with the character of his occupation and the occasion, and which a reasonably prudent person would employ under like circumstances to protect himself from injury; and if he fail to exercise that care he cannot recover for an injury to which his own negligence contributed.

6. SAME.

Plaintiff was employed by the superintendent of a marble company to assist him in hauling slabs of marble on a spring wagon. They loaded 14 slabs, each about 3¼ feet wide, 9 feet long, and ⅝ of an inch thick, placing 7 on each side of the wagon on their edges, and leaning slightly outward against the stakes on either side of the wagon. This left a vacant space in the middle, in which plaintiff and the superintendent stood, each holding a stick crosswise between the almost vertical slabs to prevent them from tipping down while the wagon was in motion. After proceeding some distance it was found that the slabs on one side of the wagon were rubbing and chipping, and the wagon was stopped, and the superintendent took his brace from between the slabs. He then directed plaintiff to remove his brace, and to pull one of the slabs apart from the others, so that he could place paper between them. Plaintiff removed his brace, and took hold of the slab to pull it towards him, when the slabs on the other side fell upon both men, and broke plaintiff's leg. *Held,* that plaintiff could not recover from the marble company, for the danger and risk were plain and open, so that if the superintendent was negligent, plaintiff was also negligent, and the action of both contributed to the injury.

7. SAME—EXPERT EVIDENCE.

It was proper in such case to exclude the testimony of a person having much experience in hauling marble slabs, on the question whether he would consider it safe to draw slabs in this manner with a man standing between them and no frame to keep them from falling in upon him, or whether an ordinarily prudent man would draw slabs with only two sticks to keep them from falling; for defendants were not drawing slabs at the time of the accident, but were reloading them with the wagon at a stand-

still, and, in any event, the facts were so plain and open to the common understanding that there was no necessity for resorting to the opinions of witnesses.

8. SAME—EVIDENCE OF CHANGE AFTER ACCIDENT.

Evidence that, after the accident, the master repaired his machinery, or adopted a different method of conducting his business, is inadmissible to prove his negligence at the time of the accident.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

W. F. Hill and H. F. Auten, for plaintiff in error.

Henry Hitchcock, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The chief complaint in this case is that, at the close of the plaintiff's evidence, the court below directed the jury to return a verdict in favor of the defendant, and judgment was rendered accordingly. David Motey, the plaintiff in error, sued out this writ to reverse that judgment. His action was for damages for a personal injury, which he alleged was caused by the negligence of the Pickle Marble & Granite Company, the defendant in error. The facts established were these:

The plaintiff was a laborer 34 years of age. The superintendent of the marble and granite company was at work with a horse, driver, and platform spring wagon, hauling slabs of marble from the depot to a bath house in Hot Springs, in the state of Arkansas. He was handling some marble slabs in front of the bath house when the plaintiff stopped there, and the superintendent hired him to assist. He asked the plaintiff if he had ever done that kind of work before, and the latter replied that he had not. The superintendent said, "If you are willing to do what I tell you to do, everything will go on all right." And thereupon the plaintiff went to work, and assisted the superintendent to unload some marble slabs from the wagon. When this was accomplished, they went to the depot and again loaded the wagon. This wagon was provided with a row of stakes on each side, and a driver's seat in front, and was 12 feet long and 6 feet wide. The plaintiff and the superintendent loaded upon this wagon 14 slabs of marble. Each of these slabs was about 9 feet long by 3¼ feet wide, and about ⅝ of an inch thick. They loaded these slabs upon their edges, and placed 7 of them almost vertically against the stakes on each side of the wagon. This left a space of 4 or 5 feet between the 7 slabs on the right side and the 7 slabs on the left side, in which the superintendent and plaintiff stood as the wagon moved away from the depot. They had placed the slabs so nearly plumb that they would not stand to ride, but would fall in, unless they were held in place in some way. To prevent their falling, the superintendent procured two sticks, and, as the wagon started, he stood on the rear of the wagon and held one of them crosswise, between the sets of slabs and against their tops, and the plaintiff, by his direction, stood on the forward end of the wagon and held the other in a like position, to prevent the slabs from tipping down into the middle of the wagon. When they had proceeded about

a block in this way, they found that 3 of the slabs on the right side of the wagon were rubbing and chipping, and that it was necessary to put some paper between them to prevent their injury. Thereupon they stopped the horse, the superintendent took his brace from between the sets of slabs and directed the plaintiff to remove his, and to pull one of the slabs upon the right side apart from the others, so that he could put some paper between them. The plaintiff took his brace out, and took hold of the slab to pull it over towards him, when the slabs on the left side of the wagon fell upon both men, and broke the plaintiff's leg.

It is the duty of the trial court at the close of the evidence to direct a verdict for the party who is clearly entitled to recover where it would be its duty to set aside a verdict in favor of his opponent if one were rendered. Railway Co. v. Davis, 10 U. S. App. 422, 3 C. C. A. 429, and 53 Fed. 61; Gowen v. Harley, 12 U. S. App. 574, 585, 6 C. C. A. 190, 197, and 56 Fed. 973, 980; Railway Co. v. Moseley, 12 U. S. App. 601, 604, 6 C. C. A. 641, 643, and 57 Fed. 921, 922, 923; Reynolds v. Railway Co., 16 C. C. A. 435, 437, 438, 69 Fed. 808, 810. An injury that is the natural and probable consequence of acts of negligence is actionable, but an injury that could not have been foreseen or reasonably anticipated as the probable result of the negligence is not actionable. Railway Co. v. Elliott, 12 U. S. App. 381, 386, 5 C. C. A. 347, 349, and 55 Fed. 949, 951, 952. A servant assumes the ordinary risks and dangers of the employment upon which he enters, so far as they are known to him, and so far as they would have been known to one of his age, experience, and capacity by the use of ordinary care. Manufacturing Co. v. Erickson, 12 U. S. App. 260, 265, 5 C. C. A. 341, 343, and 55 Fed. 943, 946. If the negligence of the servant was one of the proximate causes of his injury,—if his own negligence contributed to the unfortunate result,—he cannot recover of his master, even though the negligence of the master also contributed to it. Railway Co. v. Davis, 10 U. S. App. 422, 426, 3 C. C. A. 429, 431, and 53 Fed. 61, 63; Railway Co. v. Moseley, 12 U. S. App. 601, 604, 608, 6 C. C. A. 641, 643, 646, and 57 Fed. 921, 922, 923, 925. It is the duty of the servant to exercise that degree of care, commensurate with the character of his occupation and the occasion, which a reasonably prudent person would employ under like circumstances in order to protect himself from injury; and, if he fails to exercise that care, he cannot recover of the master for an injury to which his own negligence has contributed. Gowen v. Harley, 12 U. S. App. 574, 585, 6 C. C. A. 190, 197, and 56 Fed. 973, 980; Railway Co. v. Jarvi, 10 U. S. App. 439, 448, 3 C. C. A. 433, 436, and 53 Fed. 65, 68.

These are indisputable principles of the law of negligence. The reasons of their being and some of the authorities which sustain them will be found in the opinions we have cited, and it is difficult to perceive how, upon the state of facts before us, a verdict for the plaintiff could have been sustained in this case under these rules. It is clear that this accident was caused by depressing the right side of the spring wagon by the extra weight of the two men and correspondingly elevating the left side, until the almost verti-

cal slabs were tipped in upon the legs of the men, who together caused the disaster. The danger and risk of this accident and injury cannot be said to have been latent or hidden. A laboring man, 34 years of age, cannot be presumed to be ignorant of so common an effect of the law of gravitation. He must have known that the weight of 300 pounds placed on one side of the platform of a spring wagon would tilt it. He could not have been ignorant of the fact that a very slight horizontal movement of the top of a heavy marble slab, 3 feet wide and $\frac{5}{8}$ of an inch thick, which stood vertically on its edge, would cause it to fall. He must have known that these slabs were so nearly vertical that they were liable to fall from any movement of the platform, for he and the superintendent had loaded them, and they had just been holding braces between them to prevent this very catastrophe. He removed his brace from between the sets of marble slabs, threw his weight upon the right side of the wagon, seized the slab to raise it, and thus caused or assisted to cause the slabs on the left side to fall upon himself and his companion. How, then, could he recover of the defendant for his injury?

Counsel for the plaintiff write in their brief:

"The danger of the marble falling was evidently not so apparent as to attract the attention of an ordinarily prudent man, for the superintendent himself was in the same position, and was caught and injured at the same time as Motey."

If this be true, then the defendant was guilty of no actionable negligence here, and the plaintiff cannot recover; for an injury that could not have been foreseen or reasonably anticipated by an ordinarily prudent man as the natural result of the negligence is not actionable. Railway Co. v. Elliott, supra. If, on the other hand, this statement of counsel is incorrect, and if this injury could have been foreseen or reasonably anticipated by an ordinarily prudent man, then the plaintiff could have foreseen and anticipated it. He must be presumed to have been an ordinarily prudent man, for there is no evidence that he was not. He had every opportunity to foresee and anticipate the result. The danger and risk were neither secret nor occult. They were plain and open. They were but some of the ordinary risks and dangers of the employment in which he was engaged. They were dangers and risks which, under the well-established rules of law, he had himself assumed. If the superintendent was negligent, then the plaintiff was; and if the negligence of either or of both caused the injury, then the negligence of each contributed to it. A verdict for the plaintiff could not have been sustained upon this state of facts, and the court properly instructed the jury to return a verdict for the defendant.

It is assigned as error that the court below refused to permit a witness who had had much experience in hauling marble slabs to testify whether or not he would consider it safe to draw marble slabs, with a man standing between them, and no frame to keep the marble from falling in; whether or not an ordinarily prudent man would draw marble slabs in that way; and whether or not the two sticks used to keep the marble slabs from falling over were suitable or rea-

sonably safe appliances for protecting the lives of employés engaged in drawing marble. But there was no error in this ruling. There are at least two fatal objections to this testimony: First. It had no relevancy to the issue. The defendant was not drawing slabs, but reloading them, and its horse was standing still when this accident occurred. It was not using sticks or any other appliances to keep the marble from falling in, but had necessarily removed those appliances, so that it might replace the slabs. Second. The proposed testimony was but the opinion of a witness, drawn from facts upon which any man of ordinary ability and capacity was capable of forming a sound judgment. The rule is that a witness must state facts and not opinions. The exception to the rule arises from the necessity of the case. It is that the opinion of witnesses possessing peculiar skill or knowledge may be received, whenever the facts are such that inexperienced persons are likely to prove incapable of forming a correct judgment without such assistance. There is nothing in the subject-matter or in the facts surrounding this issue that was not plain and open to the common understanding. There was no necessity for the opinion of witnesses to enable the jury to form a correct judgment, and when the necessity ceases the operation of the exception ceases. The court properly excluded the testimony. Railway Co. v. Farr, 12 U. S. App. 520, 526, 6 C. C. A. 211, 215, and 56 Fed. 994, 998; Graham v. Pennsylvania Co., 139 Pa. St. 149, 159, 21 Atl. 151; Hopkins v. Railroad Co., 78 Ill. 32; Indemnity Co. v. Dorgan, 16 U. S. App. 290, 297, 7 C. C. A. 581, 584, and 58 Fed. 945, 948; Hinds v. Keith, 13 U. S. App. 222, 227, 6 C. C. A. 231, 234, and 57 Fed. 10, 14.

It is assigned as error that the court refused to permit the introduction of testimony to prove that the defendant used other appliances than the two sticks to keep the marble slabs in position while drawing them from the depot after the accident. But there was no error in this ruling. Evidence that, after the accident, the master repaired his machinery, or adopted a different method of conducting his business, is inadmissible to prove his negligence at the time of the accident, because a rule that such evidence is competent would impose a penalty upon the master for making such repairs and changes, would constitute them a confession on his part of a prior wrong, and would thus deter him from improving his machinery and his methods. Such evidence is also inadmissible because it has no legitimate tendency to prove that the machinery and methods were not reasonably safe and suitable for use in the conduct of the business at the time of the accident. Railway Co. v. Parker, 12 U. S. App. 132, 135, 5 C. C. A. 220, 222, and 55 Fed. 595, 597; Railroad Co. v. Hawthorne, 144 U. S. 202, 208, 12 Sup. Ct. 591; Morse v. Railway Co., 30 Minn. 465, 16 N. W. 358; Nalley v. Carpet Co., 51 Conn. 524; Corcoran v. Peekskill, 108 N. Y. 151, 15 N. E. 309; Railroad Co. v. Clem, 123 Ind. 15, 18, 23 N. E. 965; Shinners v. Proprietors of Locks & Canals, 154 Mass. 168. 28 N. E. 10; Hodges v. Percival, 132 Ill. 53, 23 N. E. 423; Dougan v. Transportation Co., 56 N. Y. 1.

The judgment below must be affirmed, with costs, and it is so ordered.