McCAIN v. CHICAGO, B. & Q. R. CO.

(Circuit Court of Appeals, Eighth Circuit. August 24, 1896.)

No. 725.

1. INJURIES TO EMPLOYE—NEGLIGENCE.
   A railroad employé, while wiping an engine in the daytime, placed one hand upon the tire of one of the driving wheels, upon which was a sliver six inches long, and projecting over half an inch beyond the outer edge of the tire, and was injured by a small splinter of this sliver. It was shown that such slivers and splinters were frequently formed upon engine tires, and that they are ordinarily permitted to remain until the wheels are turned anew. *Held,* that the railroad company was not liable, as the injury could not have been foreseen or reasonably anticipated.

2. ASSUMPTION OF RISK.
   The danger and risk from the ragged sliver upon the engine wheel being open and apparent, a person employed to clean the engine assumed such danger.

3. SAME—NEGLIGENCE.
   One who places his bare hand, in open day, upon ragged splinters of a steel sliver, projecting over half an inch, to support himself in the performance of his work, when there are smooth and harmless surfaces about him serviceable for that purpose, is negligent.

In Error to the Circuit Court of the United States for the District of Colorado.

T. J. O'Donnell (W. S. Decker and Milton Smith were with him on the brief), for plaintiff in error.

Henry F. May (Edward O. Wolcott and J. F. Vaile were with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The plaintiff got a sliver of steel in his finger while he was wiping an engine for the defendant, and sued it for negligence. The court instructed the jury to return a verdict for the defendant, and from the judgment rendered accordingly this writ of error was sued out. Louis M. McCain, the plaintiff in error, was a common laborer, who had been employed by the Chicago, Burlington & Quincy Railroad Company, the defendant in error, to render such services as might be assigned to him. He had worked several days upon a repair track, and one or two days wiping engines in the roundhouse of the defendant. The constant hammering of frogs and other inequalities in the tracks of the railroad company had produced a splintered sliver of steel upon the outer edge of one of the driving wheels of an engine which came into the roundhouse to be cleaned. This sliver was firmly attached to the tire of the driving wheel, was six inches long, and projected from one-half an inch to an inch beyond the outer edge of the tire. Plaintiff was wiping this engine in the daytime. He was wiping some rods that ran alongside the engine with one hand, when he placed the other upon the tire of the engine to support himself, and stuck a small splinter from this sliver in the fleshy part of the fore-finger of that hand. He did not remove the splinter for several days, and the finger festered and seriously injured his hand. The error here as-

signed is that the court instructed the jury to return a verdict for the railroad company upon this state of facts. There are several reasons why, under the repeated decisions of this court, this assignment cannot be sustained. An ordinarily prudent man would not have anticipated, as the probable result of this sliver upon the tire of the wheel of the engine, such an injury as resulted to this wiper. The evidence is uncontradicted that slivers or splinters like these are not infrequently formed upon the tires of engines, that they do not incapacitate the engine for its service, and that they are ordinarily permitted to remain until the wheels are turned anew. An engine wiper is furnished with waste and oil with which to clean the engine. An employer certainly could not anticipate that he would place his bare hand upon splintered steel, to support himself in rendering this service, when the smooth surfaces of all the other parts of the engine were open to his use for this purpose. An injury that could not be foreseen or reasonably anticipated as the probable result of negligence is not actionable. Railway Co. v. Elliott, 12 U. S. App. 381, 386, 5 C. C. A. 347, 349, and 55 Fed. 949, 951, 952. The danger and risk from the small splinters in this sliver of steel were patent, and open to the most cursory observation. It projected from the tire of the wheel from half an inch to an inch, and it was six inches in length. The master is bound to notify his servant of the latent risks and dangers of the employment, which he can reasonably anticipate that one of the servant's age, capacity, and experience would not know. But who could reasonably anticipate that a common laborer, 33 years old, would not know the risks and dangers to his hand arising from the inequalities of a surface he was instructed to wipe without machinery? Who could anticipate that such a man would not know the danger and risk of rubbing his bare hand over ragged steel splinters in a sliver that projected at least half an inch beyond the tire of the wheel of an engine, and extended six inches along its circumference? These questions are susceptible of but one answer. The work of the plaintiff was done in open day. The danger and risk from the ragged sliver were open and patent, and he necessarily assumed them when he entered upon his employment. Manufacturing Co. v. Erickson, 12 U. S. App. 260, 265, 5 C. C. A. 341, 343, and 55 Fed. 943, 946; Motey v. Granite Co., 20 C. C. A. 367, 74 Fed. 155. The inevitable result of these considerations is that, if the injury of the plaintiff was caused by the negligence of any one, it was caused by his own negligence. It cannot be truthfully said that a reasonably prudent man would place his bare hand, in open day, upon the ragged steel splinters of as prominent and projecting a sliver as was this, for the purpose of supporting himself in the performance of his work, when there were smooth and harmless surfaces all about him as serviceable for that purpose. It was his duty to exercise that degree of care which a reasonably prudent person would employ under like circumstances, in order to protect himself from injury. If he failed to exercise that care, he could not recover of the defendant for an injury to which his failure contributed. The undisputed evidence in this case brings the plaintiff squarely under this rule. Gowen v. Harley, 12 U. S. App. 574, 585, 6 C. C. A. 190, 197, and 56 Fed.

973, 980; Railway Co. v. Jarvi, 10 U. S. App. 439, 448, 3 C. C. A. 433, 436, and 53 Fed. 65, 68; Motey v. Granite Co., 20 C. C. A. 367, 74 Fed. 155. A verdict for the plaintiff could not have been sustained, upon the evidence in this case, and it therefore became the duty of the court below to direct the jury to return a verdict for the defendant. Railway Co. v. Hoedling's Adm'r, 10 U. S. App. 422, 3 C. C. A. 429, and 53 Fed. 61; Gowen v. Harley, 12 U. S. App. 574, 585, 6 C. C. A. 190, 197, and 56 Fed. 973, 980; Railway Co. v. Moseley, 12 U. S. App. 601, 604, 6 C. C. A. 641, 643, and 57 Fed. 921-923; Reynolds v. Railway Co., 16 C. C. A. 435, 437, 438, 69 Fed. 808, 810; Motey v. Granite Co., 20 C. C. A. 367, 74 Fed. 155. The judgment below must be affirmed, with costs, and it is so ordered.