## Stonington Coal Company v. John B. Young.

1. NEGLIGENCE—*what evidence incompetent upon question of.* Evidence of repairs made after an accident is incompetent and its admission in this case held not cured by an instruction which told the jury that before they could find for the plaintiff it must appear that the machinery in question was out of repair at the time of the injury.

2. INSTRUCTIONS—*must be predicated upon the evidence.* An instruction in an action between master and servant is erroneous which calls the attention of the jury to a claim of the plaintiff upon which there was no evidence that the plaintiff continued at his work relying upon a promise to repair, etc.

3. SAFE PLACE TO WORK—*when instructions as to, erroneous.* An instruction upon the subject of the master's liability for a failure to furnish a reasonably safe place to work is erroneous where it does not contain the element that the servant did not know of the defect or did not have equal means of knowledge with the master.

Action in case for personal injuries. Appeal from the Circuit Court of Christian county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

J. C. & W. B. McBRIDE, for appellant.

HOGAN & WALLACE, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Christian county against appellant to recover for injuries sustained by him through the alleged negligence of the appellant. There was but one count in the declaration, in which it was in substance alleged that appellee was in the employ of appellant engaged in dipping water into a large hoisting bucket at the bottom of an air shaft in appellant's coal mine; that it was the duty of appellant to use reasonable care to furnish appellee a reasonably safe place in which to work and a reasonably safe hoisting apparatus to raise such bucket; that the appellant did not furnish such reasonably safe place in which appellee could work; that the tipple or hoisting apparatus at the top of the shaft, used for hoisting buckets, became and was out of plumb, which caused the buckets in going up and down to strike the sides of the shaft; that the scaffolding upon which appellee had to stand was negligently constructed and that by reason thereof a bucket of water struck the scaffold upon which appellee was at work and threw him to the bottom of the shaft where he was injured. There was a judgment upon a verdict, in the sum of $1,100 in favor of appellee, from which appellant has prosecuted an appeal to this court.

It appears from the evidence that appellee, who was fifty-six years old at the time of the injury, was an experienced miner and had worked at mining for about thirty years; that on the morning of August 15, 1905, he, with a man called "Kentuck," was set to work by appellant bailing water at the bottom of the shaft, by dipping a large bucket into the water, which was raised by the hoisting apparatus to the top of the

shaft where it was emptied and then returned to be again filled; that while he and his comrade were engaged in such dipping process the bucket in ascending struck the plank on which appellee was at work and he was twice knocked off; that the first time he stepped upon the bucket and rode to the surface ·and secured another plank which, on his return, he adjusted for use at the bottom of the shaft; that the second time the bucket struck the scaffold appellee was knocked off and thrown upon another bucket standing at the bottom of the shaft, where he received the injuries complained of.

Appellant contends that the evidence did not warrant a verdict in appellee's favor; that there was error in the admission of evidence upon the part of appellee and that some of the instructions given in appellee's behalf were erroneous.

Appellee testified that the tipple or hoisting apparatus at the top of the shaft by which the bucket was lifted or drawn to the surface to be emptied "was out of plumb" so that the bucket, when filled at the bottom and the hoisting apparatus set in motion, would pull or glance to one side of the shaft and that by reason of that fact he was knocked from the scaffold and injured. In this claim he was wholly unsupported by any other testimony; while two of his own witnesses and three offered by appellant testified that the tipple was plumb at the time appellee sustained his injury.

No claim was made by appellee that appellant, or any of its managers, superintendents, or others in charge of its work, knew of the defect alleged by appellee, or that appellee himself ever gave notice to any one of the alleged defective condition of the tipple; nor is any claim made by appellee that he did not know fully of all the dangers usually incident to his employment.

We are not called upon to determine whether or not the verdict was against the manifest weight of the

evidence, for the reason that we are constrained to hold that the other errors assigned are of such gravity and are so well taken as to make a reversal of the judgment imperative.

Daniel Davis, a witness upon the part of appellee, was permitted to testify, over the objection of appellant, that the tipple in question was fixed or "jacked" about three weeks after the time when appellee was injured. This was error. In Howe v. Medaris, 183 Ill. 288, the court say: "The question of negligence must be determined from what occurred before and at the time of the injury, and evidence of repairs made to the machinery after the injury is not admissible."

Counsel for appellee insist that this error was cured by the giving of appellant's seventh instruction which told the jury they could not find the issues for appellee unless the tipple was out of plumb at the time of the accident. This instruction, however, did not remove from the case the improper evidence nor defeat its probative force. The jury could still have relied upon that evidence as to the need of repairs three weeks after the accident, as tending to show the condition of the tipple on the day of the injury to appellee. The evidence as to the condition of the tipple could only have been removed from the case by some action of the court striking it completely from the record and even then it may have influenced the action of the jury.

The purpose of such evidence is doubtless to show an implied admission of negligence on the part of appellants. Howe v. Medaris, *supra*. The admission of such will amount to reversible error unless it can be plainly seen from the record that such error could not have possibly worked any injury to the complaining party and that the verdict must have been what it was in spite of such error. Hodges v. Percival, 132 Ill. 53; Howe v. Medaris, 183 Ill. 288.

The giving of appellee's first instruction was also error. That instruction was in the words following:

"The court instructs the jury that even though you may believe from the evidence that the plaintiff had notice of the alleged defect which occasioned the injury, still if the evidence further shows that the mine manager and superintendent also had notice of the defect, and promised to remedy the same, and that by virtue of such promise and relying thereon, the plaintiff continued to work, then the fact that he had knowledge of the existence of the same would not deprive him of his right to recovery."

This instruction was misleading as it called the attention of the jury to the mere claim of appellee that the mine manager or superintendent had notice of the alleged defect and had promised to remedy it, and that appellee continued his work relying upon such promise, without any evidence whatever upon which to base it.

There was error also in appellee's third instruction as given. It assumed to tell the jury that if appellant negligently failed to furnish appellee with reasonably safe appliances or a reasonably safe place in which to work, and that if such negligence was the primary cause of the injury to appellee, then they should find in his favor. This instruction omitted to state that under the circumstances attempted to be recited it is important to show, to entitle a servant to recover against his employer, that he, the servant, did not know of the defect, or did not have equal means of knowledge with the master. Montgomery Coal Co. v. Barringer, 218 Ill. 327; Goldie v. Werner, 151 Ill. 551; Republic Iron Co. v. Lee, 227 Ill. 257.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*