CARTWRIGHT v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. December 6, 1915.)

No. 4341.

1. MASTER AND SERVANT ⬪107—LIABILITY FOR INJURIES—UNSAFE PLACE TO
WORK—TEMPORARY STRUCTURES.

Plaintiff, an experienced railway shop machinist, was directed to put
a fire door frame on a locomotive standing over a pit, and for that pur-
pose constructed a temporary platform upon which to stand, by laying
boards across the framework of the cab of the locomotive. *Held* that, if
this temporary structure was defective, it was plaintiff's own fault, and
his employer owed him no duty to make such place safe.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–
202, 212, 254, 255; Dec. Dig. ⬪107.]

2. MASTER AND SERVANT ⬪278—ACTIONS FOR INJURIES—EVIDENCE.

In an action by a railway shop machinist, injured while putting a fire
door frame on a locomotive, evidence that he went to the tool room to ob-
tain a block and fall, but was told by the keeper that there was no block
and fall there, and that they were all in the roundhouse, about 50 feet
away, without evidence that he could not have gotten the appliance if he
had gone to the roundhouse, was insufficient to show that the employer did
not furnish such appliance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954,
956–958, 960–969, 971, 972, 977; Dec. Dig. ⬪278.]

3. MASTER AND SERVANT ⬪217—LIABILITY FOR INJURIES—ASSUMPTION OF
RISK.

An experienced railway shop machinist, while putting a fire door frame
weighing 150 pounds on a locomotive standing over a pit, fell into the
pit and was injured. He had previously lifted the frame to its place
at least three times for the purpose of seeing what alterations were need-
ed. *Held* that, if there was any danger in attempting to do the work
without a block and fall to raise the frame, he must have known the
danger, and by going on with the work without such appliance he assumed
the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–
600; Dec. Dig. ⬪217.]

4. MASTER AND SERVANT ⬪217—LIABILITY FOR INJURIES—ASSUMPTION OF
RISK.

An employé, who knew the necessity of having a helper as well as his
employer, but went forward with the work without a helper when told to
do so, assumed the risk, especially where he did not apparently regard a
helper as necessary for the safe doing of the work, but rather as a matter
of convenience.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–
600; Dec. Dig. ⬪217.]

5. MASTER AND SERVANT ⬪97—LIABILITY FOR INJURIES—UNANTICIPATED AC-
CIDENT.

Plaintiff, an experienced railway shop machinist, was directed to put
a fire door frame weighing 150 pounds on a locomotive standing over a
pit, and for that purpose constructed a temporary platform upon which to
stand in doing the work, by laying boards across the framework of the
cab of the locomotive. After boring certain holes and making certain
alterations, he attempted to place the frame in position to see how it
would fit, and was pushing the frame up against the face of the boiler
with his hands and stomach, when his foot slipped, or a board slipped,
and he lost his balance and fell into the pit. *Held*, that the injury was

apparently the result of a pure accident, and there was no reason for the employer to anticipate injury to any one from doing the work under the circumstances disclosed, and hence there was no negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. ⬦97.]

In Error to the District Court of the United States for the District of New Mexico; Wm. H. Pope, Judge.

Action by David L. Cartwright against the Atchison, Topeka & Santa Fé Railway Company. From a judgment on a directed verdict for defendant, plaintiff brings error. Affirmed.

Elmer E. Studley, of Raton, N. M., for plaintiff in error.

W. C. Reid, of Roswell, N. M. (Gardiner Lathrop and Robert Dunlap, both of Chicago, Ill., and R. E. Twitchell, of Santa Fé, N. M., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

AMIDON, District Judge. This case turns upon uncontroverted questions of fact and well established principles of law. It hardly justifies an opinion. The plaintiff, an experienced machinist 24 years of age, was employed in defendant's shops at Raton, N. M. On September 15, 1913, he was directed by the foreman to put a fire door frame on a locomotive, which stood over a pit to enable workmen to get at it from all sides. The boiler was tilted so that the door frame when placed against it was supported by the slant of the surface. Plaintiff had constructed a temporary platform upon which to stand in doing the work, by laying boards across the framework of the cab of the locomotive. When he was directed to do the work, he asked for a helper. The foreman told him that he had no helper, and directed the plaintiff to do the work himself. The frame weighed about 150 pounds, and had already been lifted onto the platform by other employés. Plaintiff began work on the job on the 15th. Holes had to be bored in the frame to receive the studs by which it was to be bolted to the front of the boiler. Its surface also needed to be chipped, so as to obtain a substantially airtight fit. Plaintiff raised it to place, and marked with chalk the points for the holes and where chipping seemed necessary. To do this the frame had to be lifted not to exceed 9 inches from the platform, and the drawing would indicate that it possibly did not require to be raised more than 2 or 3 inches. After the holes were bored in the frame, plaintiff, without any helper, placed it twice upon the bolts to see where it needed chipping, and then returned it again to the platform. On the morning of the 16th he started to do some other work, but was directed by the foreman to complete the attaching of the door frame. He again asked for a helper, and received substantially the same direction as on the day previous. When he was first told to do the work without a helper, he went to the tool room to obtain a block and fall, but the keeper told him that there was no block and fall there; that they were all in the roundhouse, about 50 feet away. The evidence fails to show

whether plaintiff could have gotten the appliance if he had gone to the roundhouse. As to the need of a helper plaintiff testified as follows:

"Q. You were very pronounced in your request for a helper were you?
"A. Well, I asked him for a helper. I needed a helper to do it a little better —easier—easier to do it.
"Q. That was your reason for wanting a helper, it was easier to adjust the frame, was it?
"A. Yes, sir."

On the morning of the 16th the plaintiff attempted to place the frame on the bolts, so as to see how it would fit the boiler front. He had the holes in the bottom of the frame over the bolts, and was pushing the frame up against the face of the boiler with his hands and stomach. As to what then occurred he testified as follows:

"I raised the door up, and got it partly hung on two of the bottom studs; part of the deck slipped, or something slipped, I don't know just what now, and the next thing I knew I was in the pit.
"Q. Then your fall. according to your judgment, was on account of the deck slipping; is that right?
"A. Well, and the door overbalanced me at the same time. I would not have went in the pit if the door had not overbalanced me.
"Q. And you had got the frame partly adjusted onto these lower studs?
"A. Yes, sir.
"Q. And your foot slipped, or the platform slipped, and the next thing you knew you were down in the pit; is that right?
"A. Yes sir."

Again:

"Q. And your foot slipped, and the frame came out and struck you. That is about the size of it, isn't it?
"A. I don't know whether my foot slipped, or whether the door slipped off the studs.
"Q. Either your foot slipped, then, or the door frame slipped off of the studs; is that right?
"A. Yes, sir."

Plaintiff fell from the platform into the pit, and the door frame fell on him, causing the injuries for which he seeks to recover.

Plaintiff bases his right to damages upon three grounds.

[1] First. Failure of the defendant to furnish him a safe place. It is manifest that he cannot recover upon that ground. The platform was a temporary structure, which he made himself as a part of the work which he was attempting to do. If it was defective, that was his own fault. It is elementary law that as to such temporary structures made by workmen themselves from material furnished by the master, structures about which the judgment of the workmen is as good as that of the master, the master owes no duty to make such a place safe. That is the duty of the workman himself. American Bridge Co. v. Seeds, 144 Fed. 605, 75 C. C. A. 407, 11 L. R. A. (N. S.) 1041.

[2, 3] Second. Failure to furnish block and fall. There are two answers to this claim. First, the evidence is insufficient to show that the master did not furnish such an appliance. The evidence, in so far as we have any, tends to show that there was a supply of such arti-

cles; that they were not in the toolhouse, but were in the roundhouse near by. There is no evidence whatever that the plaintiff could not have obtained the appliance, if he had gone there to get it. Surely in a repair plant, such as that in which the plaintiff was employed, the master is not obliged to keep such an appliance as a block and fall in stock in a particular room. Workmen have not done their part unless they have at least endeavored to find out whether the appliance can be obtained from other workmen, if it happens to be out of the toolhouse. Again, the character of the work was well known to the plaintiff. He had handled the frame at least three times the day previous. As an experienced machinist he must have known the danger, if there was any danger, in attempting to do the work without a block and fall. When he went forward with the work without the appliance, he assumed the risk. That is clearly established by the recent decision of the Supreme Court in Seaboard Air Line Railway v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475.

[4, 5] Third. Failure to furnish a helper. The same observations apply to this ground of recovery. Plaintiff himself does not seem to regard a helper as necessary for the safe doing of the work, but rather as a matter of convenience. If a helper was necessary, he knew the necessity as well as the master, and when he went forward with the work without the helper he assumed the risk, under the case just cited. We prefer to place the decision, however, upon the ground that there was no evidence of defendant's negligence. The injury, under the testimony, seems to have been the result of a pure accident. Either the plaintiff's foot slipped, or a board slipped, and he lost his balance and fell. We do not think that there was any reason for the master to anticipate injury to any one from doing the work under the circumstances disclosed by the evidence. That being so, the charge of negligence fails. Motey v. Pickle Marble Co., 74 Fed. 155, 20 C. C. A. 366.

The trial court, at the conclusion of plaintiff's case, on motion of the defendant, directed a verdict in its favor. We think the ruling was clearly right, and the judgment is affirmed.