BINGHAM MINES CO. v. BIANCO.

(Circuit Court of Appeals, Eighth Circuit. November 7, 1917.)

No. 4818.

1. DEATH ☜32—ACTIONS—STATUTE.
Under Comp. Laws Utah, 1907, § 2912, giving a right of action for wrongful death for the benefit of widow and minor children, an action, the statute being general in its terms and containing nothing indicating an intention to restrict its application, may be maintained for the death of one occurring in Utah, though the beneficiaries were nonresident aliens, subjects of a foreign power.

2. MASTER AND SERVANT ☜270(7)—INJURIES TO SERVANT—REPAIRS.
In an action for injuries to a servant alleged to have been caused by defective machinery, appliances, or places of work, evidence of repairs or alterations subsequent to the accident is inadmissible to show the master's negligence.

3. EVIDENCE ☜116—MASTER AND SERVANT ☜270(7)—COMPETENCY—COLLATERAL FACTS.
While collateral or irrelevant facts that fix the time at which a relevant fact occurred are admissible in evidence so far as necessary, that rule cannot be employed as a pretext for the admission of evidence in itself incompetent and prejudicial; hence in an action for the wrongful death of a mine worker, where it was contended that he came in contact with an overhead trolley wire heavily charged, which was negligently maintained so near the floor level as to be dangerous, a witness testifying as to measurements of the height of the wire should not be interrogated in such a manner as to bring out the fact that when he made the measurements after the accident he made repairs raising the wire, for that injected incompetent and prejudicial evidence into the case.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action by Domenico Bianco, administrator of the estate of James Ozzello, deceased, against the Bingham Mines Company, a corporation. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Mahlon E. Wilson, of Salt Lake City, Utah (King, Nibley & Farnsworth, of Salt Lake City, Utah, on the brief), for plaintiff in error.

Culbert L. Olson, of Salt Lake City, Utah (A. J. Weber, of Salt Lake City, Utah, on the brief), for defendant in error.

Before HOOK, SMITH, and STONE, Circuit Judges.

HOOK, Circuit Judge. [1] The administrator of the estate of James Ozzello, deceased, recovered a verdict and judgment against the Bingham Mines Company for negligently causing the death of his intestate. The action was brought under a statute of Utah (section 2912) for the benefit of the widow and minor children. It is urged by defendant that since the beneficiaries are nonresident aliens, subjects of the kingdom of Italy, the right conferred by the statute does not

inure to them, but is for the exclusive benefit of the residents and citizens of this country. The statute is general in its terms and contains nothing indicating an intention so to restrict its application. The weight of authority is against defendant's contention. McGovern v. Railway, 235 U. S. 389, 35 Sup. Ct. 127, 59 L. Ed. 283; Patek v. American Smelting & Refining Co., 83 C. C. A. 284, 154 Fed. 190, 21 L. R. A. (N. S.) 273.

[2, 3] The deceased was in defendant's service as a mucker, and at the time of the accident was at work in an underground drift in its mine. No one witnessed his death, and the proof of the cause was drawn largely from the surroundings and the condition of the body. The plaintiff claimed he came in contact with an overhead trolley wire heavily charged with electricity which was negligently maintained so low, so near the floor level of the entry, as to be dangerous. The defendant claimed that the wire, with which the deceased had no duty, was at a height that afforded entire safety. The height of the wire at the time and place of the accident was an important issue at the trial. The plaintiff produced a witness who was in defendant's service, and who testified to measurements he made shortly after the accident. He was also allowed over defendant's objection to testify that at the time of the measurements he also made repairs and changes in the structure, altering its condition in that particular. Counsel contended that the evidence was proper to show the time when the measurements of the original condition were made, and it was so admitted.

It is a familiar rule that collateral or irrelevant facts that fix the time at which a relevant fact occurred are admissible in evidence so far as necessary for the purpose, but it cannot be employed as a pretext for the admission of evidence that is in itself incompetent and prejudicial. In the case at bar the time when the witness made the measurements could have been elicited by simple and direct questions so confined in their scope. Proof of or reference to the making of changes was wholly unnecessary, yet by repeated questions the fact was emphasized and made prominent. Not only was it unnecessary, but the evidence so brought in was distinctly prejudicial and incompetent upon the issue being tried. It is the settled doctrine of the courts of the United States that in actions for injuries alleged to have been caused by defective machinery, appliances, or places of work evidence of subsequent alterations or repairs has no legitimate tendency to prove negligence at the time of the accident and is calculated to prejudice the defendant. Columbia Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. 591, 36 L. Ed. 405; Atchison, etc., R. Co. v. Parker, 5 C. C. A. 222, 55 Fed. 595; Motey v. Pickle Marble & Granite Co., 20 C. C. A. 366, 74 Fed. 155.

The other questions presented by the assignments of error may not arise again.

The judgment is reversed, and the cause is remanded for a new trial.